## 53628. MOORE v. THE STATE.

SHULMAN, Judge.

Appellant was indicted for and convicted of aggravated assault. This appeal is from denial of his

motion for new trial.

1. Appellant has designated as error the trial court's failure to charge the jury on the defense of insanity. "It is clear that once the issue of insanity at the time of the commission of the alleged offense is raised by the evidence it is mandatory upon the trial judge to charge the jury under the provisions of Code Ann. § 27-1503 (Rev. 1972) relating to the form of the verdict in case they should find the defendant not guilty by reason of insanity. *Morgan v. State,* 224 Ga. 604 (2) (163 SE2d 690) (1968)." *Williams v. State,* 237 Ga. 399, 400 (228 SE2d 806). The only evidence which might be seen to raise the issue of insanity was the appellant's testimony that ". . .it was something I had smoked, something I ate, or something I had drunk, but whatever it was, I was all mixed up." He also testified that after the incident he did not think he had shot anyone. There was no claim that appellant did not have the mental capacity to distinguish between right and wrong (Code Ann. § 26-702) or that he was suffering under a "delusional compulsion" (Code Ann. § 26-703). The evidence, therefore, did not require a charge on insanity.

2. At the trial of this case, appellant chose to proceed as his own counsel. The record shows that the trial judge and appellant had discussed previously appellant's decision to defend himself and that appellant confirmed his desire to do so at the outset of the trial. While acceding to appellant's wishes, the judge also required the public defender to sit at appellant's table to be available if appellant desired any advice. Appellant now complains that he was denied effective assistance of counsel. We most emphatically disagree.

As the U. S. Supreme Court has noted, the right of a defendant to proceed in his own defense is correlative to his right to assistance of counsel. *Adams v. United States,* 317 U. S. 269. Having exercised that right, appellant will not now be heard to complain.

Appellant contends that the judge's action in placing the public defender at appellant's table put on the public defender the duty to render to appellant "effective assistance of counsel." But, the transcript shows that the judge placed the public defender with the appellant for the sole purpose of supplying procedural information if

appellant chose to ask for it. Had the judge gone further and insisted that appellant be represented by appointed counsel, he would then have been in error. *Faretta v. California,* 422 U. S. 806.

The record of this case is replete with instances in which the trial judge did his utmost to ensure a fair trial for appellant. We are not willing to hold that a compassionate judge's efforts to secure for a criminal defendant all the rights due him under our legal system can then be twisted to support a claim that the defendant was denied his constitutional rights. Appellant's refusal of counsel precludes any claim of ineffective assistance of counsel. This enumeration is wholly without merit.

*Judgment affirmed. Quillian, P. J., and Banke, J., concur.*

ARGUED MARCH 8, 1977 — DECIDED APRIL 13, 1977 — REHEARING DENIED APRIL 29, 1977 — 

*Hill, Jones & Farrington, Bobby L. Hill, Robert E. Robinson,* for appellant.

*H. R. Thompson, District Attorney, Charles W. Cook, Assistant District Attorney,* for appellee.