## 58900. BUFFINGTON v. THE STATE.

Quillian, Presiding Judge.

Defendant appeals his conviction of robbery by sudden snatching, the sole contention being that the trial court erred in admitting, over objection, evidence of the commission by defendant of a prior offense of robbery by sudden snatching. *Held:*

The offense occurred in Gainesville on the evening of December 14, 1978. Since the victim was unable to identify defendant other than by general description, his identity as the perpetrator was the issue. The state produced evidence that the morning after the robbery defendant used a Chevron credit card taken in the snatching to buy gasoline and then attempted to make a purchase with a Sears credit card also taken. While being transported to

the police station after being arrested for attempting to use the Sears credit card, defendant concealed several other credit cards taken in the robbery behind the rear seat of the police car. Error is claimed because of the admission of evidence that a Gainesville Sears store charge slip, found in defendant's wallet when he was arrested, was made using another Sears credit card taken in another robbery by sudden snatching in Atlanta on November 30, 1978; that defendant admitted to an Atlanta detective that he had committed the Atlanta robbery and had used the Sears credit card from it in the Gainesville Sears store; and that defendant had pled guilty and had been sentenced for the offense in Fulton County.

"Generally, evidence of independent crimes is inadmissible unless its relevance to the issues at trial outweighs its prejudicial impact. [Cits.]" *Payne v. State,* 233 Ga. 294, 312 (210 SE2d 775). "Testimony relating to other crimes is admissible if such testimony aids identification or shows the state of mind, plan, motive or scheme of the accused. [Cits.]" *Blake v. State,* 239 Ga. 292, 295 (236 SE2d 637). The evidence that defendant had two weeks earlier committed the same type of crime in the same fashion and had used a credit card from it in a purchase shortly thereafter was relevant as it tended to establish his identity as the perpetrator and was properly admitted. In view of the trial court's charge to the jury specifically limiting their consideration of the evidence of the other robbery, we find that its relevance outweighed any possible prejudicial impact. See *Hanson v. State,* 143 Ga. App. 200 (237 SE2d 699).

*Judgment affirmed. Smith and Birdsong, JJ., concur.*

SUBMITTED NOVEMBER 20, 1979 — DECIDED JANUARY 10, 1980.

*William L. Rogers, Jr.,* for appellant.
*Jeff C. Wayne, District Attorney,* for appellee.