## 60796. McCLENDON v. THE STATE.

SOGNIER, Judge.

Allie McClendon was convicted of aggravated assault with a knife on the husband of his former spouse. His defense at trial was self-defense. Appellant's sole contention before this court is that the trial court failed to charge on insanity as a defense under the provisions of Code Ann. § 26-702.

Appellant did not present any evidence to show he was insane and did not raise insanity as a defense. The only testimony relating to appellant's mental condition was from his former wife, who testified that on observing appellant just prior to the assault, she told her mother "maybe he's [appellant] going crazy." On cross-examination, in response to a question "did it look like Allie McClendon lost his mind?," she responded: "Well if you want my opinion I'll say he's crazy. Cause you don't just go doing things like that." Such testimony, without any clarification or foundation, does not raise the issue of insanity sufficiently to require a charge thereon in the absence of a request to so charge. There is no request for such a charge in the record, and appellant made no objection to the court's charges. Thus, there is no evidence in the case from which a rational juror could conclude that at the time of the act constituting the crime the appellant did not have mental capacity to distinguish between right and wrong in relation to such act. *Shirley v. State,* 149 Ga. App. 194 (253 SE2d 787) (1979). Accordingly, appellant's enumerations of error are without merit.

*Judgment affirmed. Deen, P. J., and Birdsong, J., concur.*

DECIDED FEBRUARY 10, 1981.

*Donald B. Lowe III, James E. McAleer,* for appellant.

*J. Lane Johnston, District Attorney, William Todd, Assistant District Attorney,* for appellee.