## 64173. BROOKS v. THE STATE.

SOGNIER, Judge.

Burglary. Brooks appeals on the general grounds and also contends that the trial court erred by denying his motion for a directed verdict of acquittal.

1. The evidence disclosed that about 10:00 p.m. on September 1, 1981 appellant came to Brenda Jackson's apartment, located in the Old Town Apartments, Warner Robins, Georgia, and borrowed a lug wrench, ostensibly to help a friend fix a tire. About 4:00 a.m., September 2, 1981 Jackson got up to feed her baby. She heard a noise in the storage house (Apartment 116) and then observed appellant throwing some buckets of paint and one-gallon cans of paint out the back window of that apartment. A few minutes later Jackson saw appellant come around the outside of the apartment house, pick up the paint and leave. Jackson saw appellant later the same morning and asked him for her lug wrench. Appellant said it was at his mother's house and he would get it later; however, the lug wrench was found in the burglarized apartment, and was the same lug wrench that Jackson had loaned to appellant.

On the morning of September 2, 1981 Lowe, a maintenance man

for Old Town Apartments, discovered that Apartment 114 had been broken into by breaking the glass in the front door. Bloodstains were on the door near the broken glass. On entering the apartment, which was vacant at the time, Lowe discovered that a hole had been knocked in the kitchen wall into the adjoining apartment, number 116. Apartment 116 was used for storage and three five-gallon buckets of white paint and two one-gallon cans of white paint were missing. A tire wrench was on the kitchen floor in Apartment 114 and a trail of white paint led out the back door, across the grass and up the steps to Apartment 120, occupied by Rose Marie Adams. Adams was not at home at the time and Lowe reported the burglary to the police.

Adams, who had dated appellant for about a month prior to the burglary, had spent the night preceding the burglary elsewhere after she had an argument with appellant. She returned home about 11:00 a.m. and found that her kitchen window was broken out. She also found the stolen paint in a closet in her apartment, as well as appellant's shirt and jeans which he had been wearing the preceding day. The shirt and jeans had white paint on them and the shirt also had bloodstains on it. Neither the paint nor the bloodstains had been on the clothing when Adams had seen appellant the evening preceding the burglary, and none of the items, including the paint, were in her apartment when she departed the preceding night. Further, she had locked all doors and windows before leaving, and appellant did not have a key to her apartment.

We find this evidence more than sufficient to sustain the verdict. Although appellant contends the evidence was all circumstantial and did not exclude every reasonable hypothesis except that of guilt, Jackson was an eyewitness to appellant's throwing the paint out of the apartment used for storage and then carrying it away. Her testimony was corroborated by the fact that the lug wrench appellant had borrowed from her was found in Apartment 114. We find that a rational trier of fact could find from the evidence adduced at trial proof of appellant's guilt beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307 (99 SC 2781, 61 LE2d 560).

2. Appellant contends that it was error to deny his motion for a directed verdict of acquittal because the state did not prove that appellant entered Apartment 114 with the intent to commit theft therein. In fact, argues appellant, he could not have had an intent to commit theft in that apartment because it was vacant. We do not agree.

" 'The question of criminal intent is for the jury and not for the court.' [Cit.]" *Jerome v. State,* 143 Ga. App. 649 (239 SE2d 541) (1977). The evidence showed that appellant borrowed the lug wrench used in the burglary and was observed stealing the paint. Thus, the

question of appellant's intention when he broke into the apartment was for the jury. As a directed verdict of acquittal was not demanded as a matter of law, the trial court's denial of appellant's motion was not error. *Sims v. State,* 242 Ga. 256, 257 (1-3) (248 SE2d 651) (1978).

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 15, 1982 —
REHEARING DENIED SEPTEMBER 30, 1982.

*Stephen N. Hollomon, Harry J. Fox, Jr.,* for appellant.

*Theron Finlayson, District Attorney, James F. Garnett, Assistant District Attorney,* for appellee.