## 66270. JACKSON v. THE STATE.

McMURRAY, Presiding Judge.

Defendant was indicted in two counts for burglary and rape with reference to the same female victim occurring on December 15, 1981, and in an additional count for aggravated assault occurring on January 13, 1982. The offense in Count 3 involved another female by grabbing and holding her at pistol point, a deadly weapon, in a attempt to commit rape, thereby placing her in reasonable apprehension of immediately receiving a violent injury. Defendant was convicted, being represented by retained counsel at trial. Thereafter, the public defender was appointed to represent him and filed a motion for new trial which was later amended to contend that the defendant was denied the effective assistance of counsel guaranteed by the Sixth Amendment of the United States Constitution and the corresponding laws of Georgia in that trial counsel failed to file a motion to sever the counts, as well as the failure to call such witnesses as would establish an alibi. The motion for new trial, as amended, was thereafter denied, and defendant appeals. *Held:*

The sole enumeration of error contends that the defendant was denied the effective assistance of counsel rendered by the retained counsel, contending same was inadequate, incompetent and did not fall within the standards deemed necessary for the reasonably effective assistance of counsel as guaranteed by the state and federal constitutions. We note here that several witnesses were offered in support of the alibi defense. The defendant argues in the brief for the first time that trial counsel was well aware that the defendant was

elsewhere on the night of December 15, 1981, and the alibi testimony presented by his common law wife amounted to perjured testimony. We find nothing in the transcript or record to substantiate this allegation. As the burden is on the complaining party to show error from the transcript and the record there is no merit in this claim. See *Neal v. State,* 161 Ga. App. 77 (1) (289 SE2d 293); *Zachary v. State,* 245 Ga. 2, 4 (262 SE2d 779); *Young v. State,* 144 Ga. App. 712 (1) (242 SE2d 351); *Williams v. State,* 144 Ga. App. 42, 43 (240 SE2d 311). Appellate counsel then concedes that trial counsel is required to make decisions as to what witnesses to call, as well as other strategies and tactical decisions to be the exclusive province of that counsel, after consultation with his client, citing *Hawes v. State,* 240 Ga. 327, 330 (240 SE2d 833), and *Austin v. Carter,* 248 Ga. 775, 779 (285 SE2d 542). He then argues that the pretrial consultation with the defendant was limited to one 40-minute conversation at the county jail some three days before trial commenced, contending same was tantamount to gross incompetence and certainly ineffective. Again, this information is not borne out by the record before us and even so, the evidence produced in support of the alibi seemingly was the best evidence available with reference thereto and appellate counsel has failed to point out what other evidence of alibi could have been produced to establish same. Again, we find no merit in this contention.

The remaining contention is that the third count occurred approximately one month later, on January 13, 1982, involving a separate and distinct victim from that of the rape and burglary of another victim's apartment on December 15, 1981. Yet the evidence shows that each of these instances occurred in the early morning hours at the same apartment complex in which the perpetrator was the same armed gunman identified as the defendant. Assuming arguendo that trial counsel had successfully moved for a severance, nevertheless, the separate assault would have been admissible on the trial of the other two counts to show identity, bent of mind, plan, motive, scheme and course of conduct. See *Buffington v. State,* 153 Ga. App. 54, 55 (264 SE2d 543); *Young v. State,* 146 Ga. App. 391, 394 (2) (246 SE2d 711). For this reason it cannot be said that counsel's decision not to move for severance was improper, for such a tactical decision, even if made, would not have proved to be fruitful. The right to effective counsel does not mean errorless counsel, nor does it mean counsel adjudged ineffective by hindsight, but counsel reasonably likely to render and the rendering of reasonably effective assistance. See *Pitts v. Glass,* 231 Ga. 638 (203 SE2d 515).

The decisions as to what witnesses to call and what motions to file are the exclusive province of the lawyer after consultation with

his client. See *Fortson v. State*, 240 Ga. 5 (1) (239 SE2d 335); *Stripling v. State,* 155 Ga. App. 636, 637 (2) (271 SE2d 888). The enumeration of error is not meritorious.

*Judgment affirmed. Shulman, C. J., concurs. Birdsong, J., concurs in the judgment only.*

DECIDED JULY 15, 1983.

*John R. Mayer,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Richard E. Hicks, J. Wallace Speed, Assistant District Attorneys,* for appellee.