69176. McILHENNY v. THE STATE.
(323 SE2d 280)

BANKE, Presiding Judge.

James McIlhenny appeals his conviction of theft by taking, for which he was sentenced to a term of ten years, six to be served in confinement and the remainder on probation.

The indictment alleged the taking of a 1979 Datsun, $450 in cash, and a radio, all belonging to Perry White. White, a co-worker of the appellant, testified that he loaned the appellant the car, containing the other items alleged to have been stolen, so that appellant could drive home following the end of his shift and get some sleep. White

testified that he phoned the appellant several hours later to determine when he was coming back and that the appellant replied that he was "on his way." When the appellant failed to return the car, White obtained a warrant for his arrest. The appellant was arrested several weeks later in Wilmington, Delaware. The appellant testified that White had loaned him the car and radio for his trip to Delaware and that he had no knowledge any money was in it. *Held*:

1. "A person commits the offense of theft by taking when he unlawfully takes, or being in lawful possession thereof, unlawfully appropriates any property of another with the intention of depriving him of the property, regardless of the manner in which the property is taken or appropriated." OCGA § 16-8-2. Since White testified unequivocally that he gave the appellant possession of the vehicle only for a portion of the day and that he did not give the appellant permission to drive the vehicle to Delaware, the jury was authorized to conclude that the appellant unlawfully appropriated the vehicle with the intention of depriving him of it. See generally *Hawkins v. State*, 130 Ga. App. 277 (202 SE2d 837) (1973). We reject the appellant's argument that the evidence was insufficient as regards the taking of the $450 because the money belonged to White's employer rather than to White. "It is well established that those who steal will not be permitted to raise 'nice and delicate questions' as to the title of that which is stolen. *Ingram v. State*, 137 Ga. App. 412, 415 (3b) (224 SE2d 527) (1976)." *Garrett v. State*, 147 Ga. App. 666 (1) (250 SE2d 1) (1978). "The ownership of personal property in an indictment for larceny, may be laid in a bailee having possession of the property when it was stolen, though the bailment was gratuitous." *Wimbish v. State*, 89 Ga. 294 (1) (15 SE 325) (1892). See also *Hall v. State*, 132 Ga. App. 612 (208 SE2d 621) (1974); *Garrett v. State*, supra. The evidence was sufficient to authorize a rational trier of fact to find the essential elements of the crime beyond a reasonable doubt. See generally *Lee v. State*, 247 Ga. 411 (276 SE2d 590) (1981).

2. The appellant contends that the trial court erred in sentencing him for a felony because the State failed to prove that the property was of a value in excess of $500. Assuming *arguendo* that this contention would otherwise be meritorious, it must fail because OCGA § 16-8-12 (a) (4) (A) authorizes a sentence of 20 years whenever the property which was the subject of the theft was a motor vehicle.

3. Based on his own testimony that he had White's permission to take the car to Delaware, the appellant argues that the trial court erred in failing to charge, without a request, on mistake of fact as a defense. "A person shall not be found guilty of a crime if the act or omission to act constituting the crime was induced by a misapprehension of fact, which, if true, would have justified the act or omission." OCGA § 16-3-5. In this case, the appellant's testimony suggests no

misapprehension of fact but instead simply contradicts the victim's unequivocal testimony that he did not give the appellant permission to take the car to Delaware. Moreover, even under the appellant's version of the facts, he had permission to take the car for several days, not several weeks.

*Judgment affirmed. Pope and Benham, JJ., concur.*

DECIDED OCTOBER 17, 1984.

*William G. Posey*, for appellant.
*Frank C. Winn, District Attorney, Richard S. Thompson, Assistant District Attorney*, for appellee.