### 69361. HEARD v. THE STATE.
(327 SE2d 767)

CARLEY, Judge.

Appellant was tried before a jury and convicted of two counts of armed robbery and three counts of aggravated assault. He appeals from the judgments of conviction and sentences entered on the guilty verdicts.

1. Before the commencement of his trial, appellant expressed to the trial court dissatisfaction with his appointed counsel, contending that he had not been afforded effective pretrial representation. Appellant informed the trial court that he wished to have legal representation at his impending trial, but requested that new counsel be appointed. Appellant offered to document his assertions of ineffective pretrial benefit of counsel. In addition, appellant invoked what he asserted to be his state constitutional "right to assist in his defense."

In response to appellant's request regarding his legal representation, the trial court did not inform appellant that, at the time of trial, there was no longer any viable state constitutional right to represent oneself *and* also have the benefit of counsel. See Art. I, Sec. I, Par. XII of the Georgia Constitution of 1983. Compare Art. I, Sec. I, Par.

IX of the Georgia Constitution of 1976. Consequently, the trial court did not require that appellant be put to the choice of representing himself *or* of being represented by counsel. Had appellant been so informed and elected to proceed in his own defense, this would have foreclosed any question about the effectiveness of his representation. A defendant's "refusal of counsel precludes any claim of ineffective assistance of counsel." *Moore v. State,* 142 Ga. App. 145, 147 (235 SE2d 577) (1977). Nor did the trial court allow appellant to pursue the issue of the ineffectiveness of his appointed counsel. Instead, the trial court merely informed appellant that he would be granted the right to conduct his own defense and that appointed counsel would remain to assist him. Appellant reiterated to the trial court that, although he did wish to assist in his own defense, he also needed the benefit of effective counsel. However, the trial proceeded, and appellant made several unsuccessful motions on his own behalf before the first witness was called by the State. Appellant then conducted the cross-examination of the State's first witness. Thereafter, the cross-examination of witnesses was conducted by appellant's appointed counsel. When the State rested, the defense presented no evidence. The initial closing argument for the defense was conducted by appointed counsel and the final closing argument was made by appellant. Under these circumstances, appellant contends that his trial was conducted in violation of his Sixth Amendment rights.

It is clear that appellant did not waive his Sixth Amendment right to counsel. See *United States v. Woods,* 487 F2d 1218 (5th Cir. 1973). The question is whether appellant was in fact afforded that right. "Although the sixth amendment guarantees every defendant the aid of an attorney, that attorney need not be the counsel of the defendant's choosing. [Cit.]" *Kesler v. State,* 249 Ga. 462, 474 (12) (291 SE2d 497) (1982). However, the Sixth Amendment does entitle a defendant "to reasonably effective assistance of counsel . . ." *Rivers v. State,* 250 Ga. 303, 308 (298 SE2d 1) (1982). Thus, where a defendant does not seek new representation on the basis of ineffectiveness of his appointed counsel, it is generally not error to deny the request, the defendant having "no right to pick or choose [his] court-appointed attorney." *Harris v. State,* 138 Ga. App. 388, 390 (226 SE2d 462) (1976). When, however, the issue of the effectiveness of appointed counsel is raised, it would appear that the trial court, in order to insure that the defendant's Sixth Amendment right has been and will continue to be afforded, should conduct "a hearing as to the basis of the defendant's motion for appointment of new counsel. [Cits.]" *Bailey v. State,* 240 Ga. 112, 115 (239 SE2d 521) (1977). An assertion of ineffectiveness is sufficient to invoke a ruling by the trial court, which ruling should be made after hearing from counsel. Cf. *Simpson v. State,* 250 Ga. 365, 367 (2) (297 SE2d 288) (1982). Thus, when the

effectiveness of counsel is challenged, the Sixth Amendment requires more than "a perfunctory, surface inquiry to determine the truth and scope of [the] allegations." *United States v. Morrissey*, 461 F2d 666, 669 (2d Cir. 1972), cited as authority in *Bailey v. State*, supra at 115.

As noted above, when appellant raised the issue in the instant case, the trial court "summarily denied the motions, making no adequate inquiry into the cause of [appellant's] dissatisfaction with his counsel . . . ." *Brown v. Craven*, 424 F2d 1166, 1169 (9th Cir. 1970), cited as authority in *Bailey v. State*, supra at 115. We have reviewed the record as a whole for indications that appellant's "reasons for a change of counsel were insubstantial." *United States v. Morrissey*, supra at 670. One of the assertions that appellant attempted to raise in the trial court but which was never addressed was that appointed counsel had refused to pursue appellant's request to challenge the arrays of the grand and traverse juries. Such a failure may merely evince "a decision of trial tactics in counsel's hands. [Cits.]" *Spencer v. Hopper*, 243 Ga. 532, 535 (255 SE2d 1) (1979). However, it may also demonstrate ineffective assistance of counsel. See *Barrow v. State*, 239 Ga. 162, 164 (236 SE2d 257) (1977). On the record before us, all that is shown is that appellant's appointed counsel did not file such a challenge. Since the trial court refused to allow pursuit of the issue and appointed counsel consequently has never given his reasons for failing to file the challenges, we have no way of determining whether that failure was a conscious tactical decision on the part of counsel or an instance of ineffective assistance of counsel.

Appellant also asserted in the trial court that appointed counsel had failed to secure the presence of defense witnesses. Decisions regarding which, if any, witnesses to call for the defense may evince no more than a counsel's knowing engagement in trial tactics. See generally *Jackson v. State*, 167 Ga. App. 509 (306 SE2d 757) (1983). However, the failure to secure the presence of defense witnesses can also indicate ineffective representation. " '[E]ffective representation' involves more than courtroom conduct by the advocate. The exercise of the highest order of skill during the trial would fall short 'if counsel has neglected the necessary investigation and preparation of the case or failed to interview essential witnesses *or to arrange for their attendance.*' [Cit.]" (Emphasis supplied.) *Harrell v. State*, 139 Ga. App. 556, 558 (228 SE2d 723) (1976). Because the trial court refused to allow pursuit of the allegation, there is nothing in the record to demonstrate that the failure to have defense witnesses present was not in fact due to appointed counsel's lack of diligence.

Since the issue was raised and since we cannot determine from the record that appellant's Sixth Amendment right to effective benefit of counsel was not violated, we are compelled to hold that the trial court's refusal to conduct a hearing was error. Compare *Bailey v.*

*State,* supra; *Elliott v. State,* 253 Ga. 417, 419 (2) (320 SE2d 361) (1984). However, "the error can be cured by a post-trial hearing before the judge in the trial court . . . . If on the basis of evidence introduced at such hearing the trial judge concludes that [appellant was afforded ineffective assistance of counsel, it] must order a new trial. Appellant is granted leave to file a new appeal within 30 days of a trial court decision adverse to appellant on this issue if appellant contends the trial [court errs] in [its] ruling." *Stiggers v. State,* 151 Ga. App. 546, 550-551 (260 SE2d 413) (1979).

2. Appellant also asserts that he was required to wear "prison garb" during his trial. The record refutes this contention. See. *Hayslip v. State,* 154 Ga. App. 835 (1) (270 SE2d 61) (1980); *Whittington v. State,* 155 Ga. App. 667 (1) (272 SE2d 532) (1980). Nor do we find any error in the trial court's ruling regarding the shackling and un-shackling of appellant and other security measures taken during the trial. "At trial, the court has discretion in requiring a defendant to be handcuffed or shackled for security reasons. [Cit.]" *Gates v. State,* 244 Ga. 587, 593 (261 SE2d 349) (1979).

3. Remaining enumerations of error, not otherwise addressed, are not meritorious. Accordingly, "[t]he judgment will be affirmed with direction that the trial court conduct a hearing to consider "the issue of the effectiveness of appellant's representation." *Stiggers v. State,* supra at 550.

*Judgment affirmed with direction. Birdsong, P. J., and Beasley, J., concur.*

DECIDED FEBRUARY 26, 1985.

Robert Heard, *pro se.*
*Johnnie L. Caldwell, Jr., District Attorney, J. David Fowler, Paschal A. English, Jr., Assistant District Attorneys,* for appellee.