### 70838. CHASTAIN v. THE STATE.
(339 SE2d 298)

BENHAM, Judge.

Appellant seeks the reversal of his conviction in the Superior Court of Cobb County for theft by conversion, theft by taking, and violation of oath of public office. For reasons which follow, we reverse.

1. Appellant contends that the evidence was insufficient to support a verdict of guilty on the three counts charged. We disagree.

---

The jury was authorized to find that John Chastain, Tax Commissioner of Cobb County, did in fact sublet space on property leased by the county for independent typists to prepare tax forms. Varying amounts of money were paid monthly by the typists to the tax commissioner, which he appropriated to his own use. Thus, the conviction for theft by taking was authorized.

The jury was also authorized to find that appellant deposited county intangible tax receipts in a local bank and received interest therefrom which he appropriated to his personal use. Thus, the conviction for theft by conversion was authorized.

Lastly on this issue, the jury was authorized to find that part of appellant's oath of office contained the following language: "I am not the holder of any unaccounted for public funds due this state." The conduct outlined in the two preceding paragraphs took place over a period of several years, and the jury would have been authorized to find that such conduct constituted a violation of appellant's oath of office. Therefore, applying the standard as to sufficiency of evidence outlined in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), we find the evidence sufficient to authorize conviction on all three charges. See *McIlhenny v. State*, 172 Ga. App. 419 (1) (323 SE2d 280) (1984); *Brooks v. State*, 163 Ga. App. 653 (1) (294 SE2d 727) (1982); OCGA § 16-10-1.

2. In his second enumeration of error, appellant contends that the trial court erred by failing to charge on the issue of good character. This enumeration can best be addressed by posing a series of questions:

(A) Was character an issue during the trial?

During the presentation of appellant's defense, some 13 witnesses, including a teacher, a pharmacist, a lawyer, a preacher, an auto repairman, and a businessman, testified as to appellant's character. During the testimony of one witness, the State entered an objection and in ruling on the objection, the court stated: "This is, in fact, a character witness." At another point during the trial, the court gave specific instructions to both sides as to what questions could be posed as to character. When appellant took the stand, he also testified as to his extensive church and civic involvement, his military experience, and his crime-free life, all of which went to appellant's character. See *State v. Braddy*, 254 Ga. 366 (330 SE2d 338) (1985). Clearly, character was an issue in the trial of the case.

(B) Was a request for a charge on good character made?

During the pre-trial conference, appellant's attorney specifically requested in writing a charge on character and was informed by the court that the standard charge as to character would be given. Unquestionably, a character charge was properly requested.

(C) Was there a failure to charge as to character?

A scouring search of the record fails to show any charge given as to character. This fact was acknowledged by the trial court when the jury was reconvened three days after a verdict was rendered and the jury dismissed. However, our inquiry must not end here; we must probe even further.

(D) In viewing the charge as a whole, was the issue of good character adequately covered?

The trial court charged the jury on a host of principles of law, including burden of proof, reasonable doubt, and presumption of innocence, but those principles, taken singularly or in combination, do not inform the jury that a defendant is allowed to present evidence as to his general good character; that such evidence is to be considered along with the rest of the evidence; and that good character is a substantive fact which may of itself be sufficient to generate a reasonable doubt as to the guilt of the defendant. See Suggested Pattern Jury Instructions, Vol. 2, Criminal Cases, p. 47.

(E) Did failure to charge on character amount to harmless error?

The "highly probable test" for determining harmless error is set out in *Johnson v. State*, 238 Ga. 59 (230 SE2d 869) (1976). The State contends that it was "harmless error" to fail to charge on character. Therefore, in considering this issue, we deem it beneficial to review events that transpired during trial.

In the opening statement of appellant's counsel, the jury was informed that character would be an issue and that the trial judge would charge them as to what consideration should be given to character. Throughout the proceedings the trial judge called the jury's attention to its responsibility as a trial jury. During preliminary remarks explaining the operation of the court, the jury was informed as follows: "Then I will instruct you as to the applicable law on the case and you will then retire to consider your verdict." Later, the court charged the jury: "I further instruct you that the law as given to you by the court states the only law for your guidance and it is your duty to accept and follow that law by determining the facts from the testimony you hear and from other evidence introduced in Court and apply then the law to the facts." At another point the court charged: "You are not to consider and you must not consider any evidence to which an objection has been sustained or which I have instructed you to disregard." Clearly, at the earliest stage and throughout the trial, the jury was told in no uncertain terms that it was not to consider matters ruled out or not sanctioned by the court. It was against this backdrop that the issue of character loomed large during the trial of the case. Therefore, since the issue of character played so significant a role during trial, we cannot say, in applying the *Johnson* test, that it is highly probable that the failure to charge on good character did not contribute to the judgment.

Because many criminal cases give rise to a display of emotions which could have an adverse effect on the proceedings in the absence of tried and true procedures, adherence to procedural rules is the heart of criminal law, not only for considering evidence, but also for the conduct of the trial. Consequently, appellate decisions dealing with criminal law often take on a procedural motif to prevent the emotional aspects from destroying the right to a fair trial. To those who say that this is overreliance on procedural niceties, we simply say that what some call technicalities are what our forefathers called the Constitution and the Bill of Rights. Historically, analytically, and conceptually, a defendant has been entitled to a charge from the court on all issues raised by the evidence. *Foskey v. State*, 125 Ga. App. 672 (3) (188 SE2d 825) (1972). The rule should be no different for appellant.

The record, unquestionably, shows defendant was entitled to a charge on character. As laudable as the goal might have been in recalling the jury three days after the verdict and charging them as to character, such a procedure is at variance with established judicially sanctioned procedures and cannot be embraced: "[W]hen the verdict was agreed on and the jury dispersed the trial was, in effect, at an end . . ." *Wells v. State*, 116 Ga. 87, 89 (42 SE 390) (1902).

Nowhere in the charge was the jury informed that "[t]he good character of an accused person is a substantive fact, and evidence of such good character should be weighed and considered by the jury in connection with all the other evidence in the case. [Cit.]" *Braddy v. State*, 172 Ga. App. 386, 389 (323 SE2d 219) (1984). The only reasonable conclusion for the jury to reach in the absence of a charge was that good character is not a fact to be considered. "When there is an appropriate request, a proper instruction should be given in every case where the accused person puts his character in issue. [Cit.]" Id. We find this enumeration to be meritorious, and we must reverse the trial court because to do otherwise would allow justice and due process to take a backseat to convenience.

3. Appellant contends that the trial court erred in charging the jury as to Art. VII, Sec. III, Par. VII, of the 1976 Ga. Constitution. We agree.

The charge in question reads as follows: "Jurors, I further charge you that the following law was in effect during the years 1969 through 1982: The receiving, directly or indirectly, by any officer of a state or county or member or officer of the government of any interest, profits or perquisites arising from the use or loan of public funds in his hands or monies to be raised through his agency for the state or county purposes shall be deemed a felony and punishable as prescribed by law."

It is undisputed that this provision was not carried over in the

1983 Ga. Constitution and that Art. XI, Sec. I, Par. VI of the 1983 Ga. Constitution specifically repealed this provision. Appellee readily admits in its brief that the Constitution Revision Committee considered this language to be superfluous and intentionally did not carry it over. Committee to Revise Art. II, September 11, 1980; Select Committee and Legislative Overview Committee, August 6, 1981.

That appellant could not be charged with a violation of that law is clear from our holding in *State v. Fordham*, 172 Ga. App. 853 (324 SE2d 796) (1984), where *Gunn v. State*, 227 Ga. 786 (4) (183 SE2d 389) (1971), was cited for the proposition that the repeal of a statute making certain described conduct a crime, without a saving provision, puts an end to any prosecution for the offense which has not reached final judgment. However, appellee argues in support of the charge that it was included merely for the jury's consideration since appellant was not charged with violating the repealed law in the indictment. We do not find that argument persuasive.

"The instructions of the court in a criminal trial should be tailored to the indictment and adjusted to the evidence admitted in court. [Cits.] . . . 'It is error to inject into a case on trial any extraneous matter not in issue and unsupported by evidence, whether done by improper argument of counsel or by improper instructions on the part of the court. . . .' [Cits.] 'A charge which injects into the case and submits for the jury's consideration issues not made by the indictment or the evidence tends to confuse the jury as to the true issue in the case, is probably harmful to the defendant and is error requiring the grant of a new trial. . . .' [Cits.]" *Crosby v. State*, 150 Ga. App. 555, 557 (258 SE2d 264) (1979). For this reason, also, appellant is entitled to a new trial.

We need not address the remaining enumerations of error since we are reversing the conviction for reasons stated in Divisions 2 and 3 of this opinion.

*Judgment reversed. Banke, C. J., and McMurray, P. J., concur in the judgment only.*

Decided November 26, 1985 —
Rehearing denied December 16, 1985 —

*Hylton B. Dupree, Jr., Mark A. Johnson, Stephen C. Steele, Alan G. Poole*, for appellant.

*Thomas J. Charron, District Attorney, Jack E. Mallard, Debra H. Bernes, Assistant District Attorneys*, for appellee.