## 72434. HEARD v. THE STATE.
(346 SE2d 592)

BANKE, Chief Judge.

The appellant was convicted of two counts of armed robbery and three counts of aggravated assault. In a previous appearance of the case before this court, we ruled that the trial court had erred in summarily rejecting the appellant's contention, advanced immediately prior to the commencement of the trial, that he had received ineffective pre-trial representation from his court-appointed counsel. While otherwise affirming the appellant's conviction, we thus remanded the case for an evidentiary hearing, to be followed by a new ruling by the trial court, on the ineffectiveness-of-counsel claim. See *Heard v. State,* 173 Ga. App. 543 (327 SE2d 767) (1985). Such a hearing was duly held, and the case is now before us again on appeal from the trial court's renewed denial of the claim. *Held*:

1. The ineffectiveness claim was directed specifically to three alleged omissions by trial counsel in preparing the case for trial — his failure to challenge the arrays of the grand and traverse juries based on systematic exclusion of blacks, his failure to secure the attendance of certain alibi witnesses, and his failure to move for a change of venue based on the alleged existence of prejudicial pre-trial publicity.

At the evidentiary hearing, defense counsel testified without dispute that he had investigated the composition of the jury lists with respect to race prior to trial and had determined that "the ratios in effect at that time not only reflected the accurate percentages of blacks, but, in fact, were I think about a half a percent high at that time." With respect to the absence of the alleged alibi witnesses, counsel testified that he had attempted to contact each of the individuals in question by mail and telephone prior to trial but had been unable to do so based on the information supplied by the appellant. This testimony was not refuted, and to this date the appellant has not suggested the existence of any additional information which might help to locate these individuals, nor has he suggested the existence of any additional witnesses whose testimony might have been favorable to him. Finally, with respect to the change of venue issue,

trial counsel testified without dispute that there had not been any media coverage of the case upon which a valid motion for change of venue could have been grounded. Thus, the evidence adduced at the hearing did not establish any lack of diligence by appellant's appointed counsel in preparing the case for trial, and it follows that the trial court did not err in rejecting the ineffectiveness claim. See generally *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

2. The trial court did not err in refusing to grant a continuance to allow the appellant to obtain certain records from the sheriff's department for the purpose of resolving a dispute between himself and counsel with respect to the dates when counsel had met with him prior to trial to discuss his case. Regardless of what such evidence might have revealed with regard to the number and the dates of the visits, it would not have refuted defense counsel's testimony regarding the efforts he had made to contact the alleged alibi witnesses, nor would it have impugned his reasons for not challenging the jury lists or moving for a change in venue.

3. The appellant contends that the trial court erred in failing to advise him at the inception of the trial of the dangers of proceeding pro se. However, this contention clearly establishes no ground for reversal in light of the fact that appellant was in fact represented by counsel throughout the trial. Similarly, the appellant's contention that the trial court erred in initially failing to appoint counsel to represent him in the present appeal has been rendered moot by the court's subsequent appointment of such counsel.

4. The appellant's remaining contentions concern matters which occurred during the jury selection process and the trial of the case. Since the appellant's conviction has previously been affirmed with respect to all issues save the adequacy of the legal representation provided to the appellant prior to the commencement of the trial, these contentions will not now be considered. See *Heard v. State*, supra.

*Judgment affirmed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED JUNE 20, 1986.

Robert J. Heard, *pro se, Bentley C. Adams III*, for appellant.
*Johnnie L. Caldwell, Jr., District Attorney, J. David Fowler, Paschal A. English, Jr., Assistant District Attorneys*, for appellee.