### 45084. HODGES v. THE STATE.
(364 SE2d 275)

MARSHALL, Chief Justice.

Herbert Hodges appeals his conviction of the malice murder of Douglas Singleton, for which he was sentenced to life imprisonment, as well as his conviction of the possession of a firearm during the commission of a crime, for which he received a five-year sentence, to be served consecutively.[1] We affirm.

Hodges, a cab driver, picked up Singleton and two females; he subsequently delivered the women to their destination. He then drove Singleton to a package store, where the latter purchased a beer and was offered a ride by friends. A dispute arose between Singleton and

---

[1] The crimes were committed on October 3, 1985. Hodges was convicted and sentenced on July 24, 1986. Motion for new trial was filed on August 6, 1986. The transcript was filed in the trial court on October 7, 1986. The motion for new trial was amended on February 25, 1987, and the amended motion for new trial was denied on August 21, 1987. Notice of appeal was filed on September 14, 1987. The record was docketed in this Court on October 13, 1987, and the cases was submitted on November 27, 1987.

Hodges as to the fare. Hodges testified that Singleton cheated him on the fare. Witnesses heard no argument between the two; instead, they saw Singleton raise his hands in the air as Hodges drew a pistol and fired. Although Hodges testified that the victim told him that he had a pistol, that the victim threatened him, and that he fired at the victim three times in self-defense, no weapon was found in the victim's tote bag. The victim sustained a gunshot wound to the head and a fatal gunshot wound to the chest.

1. Hodges enumerates as error the trial court's interpretation of Uniform Superior Court Rule 31.4 (253 Ga. 855). He claims that it precluded his introduction of probate-court records indicating his past mental problems.

The appellant admits that he failed to give the prosecution the "Notice of Intent of Defense to Raise Issue of Insanity or Mental Incompetence" that Rule 31.4 (A) makes a prerequisite for raising the issue of insanity in the trial; he contends, however, that his case comes within the exception granted by Rule 31.4 (B), i.e., "for good cause shown." In support of this contention, he argues: (1) that he had requested funds for a psychiatrist while fully advising the court and the state of the presence of a mental issue in the case; (2) that he was unable to get the probate-court records without an order from the superior court; (3) that the evidence would have shown that his psychiatric problems led him to see the shooting as necessary in defense of his person; and (4) that, because he had been committed previously, the presumption of a sound mind should have been replaced with a presumption of an unsound mind. *Butler v. State*, 252 Ga. 135, 137-8 (311 SE2d 473) (1984).

Nevertheless, defense counsel not only failed to give the notice required by Rule 31.4, supra, but he also even informed the court at the trial's outset that evidence was not being submitted to support any insanity defense pertaining to the time of the act's commission. Moreover, after a defense expert testified that Hodges knew the difference between right and wrong at the time of the offense, Hodges himself admitted on cross-examination that he indeed possessed such knowledge. When the state had closed, however, defense counsel said that, in light of his review of the probate-court records, he had changed his mind about an insanity defense — and he now wished to present one. But following an overnight recess, defense counsel again changed his mind, stating this time that he was *not* proffering the evidence to establish insanity. The court then ruled that because such evidence would in any event be relevant only to an insanity defense, the court would not allow it to be presented due to the lack of notice under Rule 31.4, supra. Since defense counsel could have found out about the earlier commitment from the defendant, or from the defendant's associates, or from the expert the defendant had hired long

before the trial, we conclude that counsel has not shown "good cause" for failing to file the required notice.

2. The appellant also enumerates as error the trial court's instruction to the jury that a defense of insanity had not been raised and so could not be considered. Nevertheless, the evidence did not warrant, as a matter of law, a charge on insanity. The defendant was shown neither to have lacked the mental capacity to distinguish between right and wrong nor to have been suffering under a delusional compulsion. *Moore v. State*, 142 Ga. App. 145 (1) (235 SE2d 577) (1977). Furthermore, it has been held that a charge on insanity is not mandated: by evidence of mental abnormality or of mere weakness of mind unless it constitutes imbecility or idiocy depriving the offender of the ability to distinguish right from wrong, *Nelson v. State*, 254 Ga. 611 (3) (331 SE2d 554) (1985); or by evidence of "acting improperly," such as having a "mad, wild, unnormal [sic]" look, *Phillips v. State*, 255 Ga. 539 (4) (340 SE2d 919) (1986); or by evidence of a "semi-conscious" or "blacked out" state of mind, *Adams v. State*, 236 Ga. 468 (224 SE2d 32) (1976); or by the opinion given in testimony by a lay witness that the accused was "crazy," *McClendon v. State*, 157 Ga. App. 435 (278 SE2d 96) (1981). Responding to the appellant's contention that his previous commitment gave him a counter presumption of insanity, we reiterate our prior holding: "Assuming that . . . previous commitment as 'a mentally ill person and in need of hospitalization in a psychiatric hospital' raised a counter presumption to the rebuttable presumption of 'sound mind and discretion,' *Butler v. State*, 252 Ga. 135 [supra, 137] and cit., his administrative release from hospitalization under OCGA § 37-3-85 cancelled any previously existing presumption of insanity, leaving a presumption of sanity, which, of course, was rebuttable. *Butler* [supra, and cits.]." *Salter v. State*, 257 Ga. 88, 89 (1) (356 SE2d 196) (1987).

3. Applying the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), we conclude that the jury's verdict of guilty of murder and of possession of a firearm during the commission of a crime was supported by the evidence.

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 12, 1988.

*Stephen H. Harris*, for appellant.

*Spencer Lawton, Jr., District Attorney, Gregory R. Jacobs, Assistant District Attorney, Michael J. Bowers, Attorney General, Eddie Snelling, Jr., Assistant Attorney General*, for appellee.