A98A2145. PATTERSON et al. v. PROCTOR et al.
(514 SE2d 37)

JOHNSON, Chief Judge.

Albert and Carol Patterson sued James Proctor d/b/a Proctor Logging Company, Pine Timber Wood Procurement & Management, Inc., Pine Timber Wood Production, Inc., and Southern Wood Suppliers, Inc., alleging the defendants cut and removed timber from the Pattersons' property without their consent. In their complaint, the Pattersons alleged that the defendants committed trespass to realty, converted their timber and, in committing acts of theft by taking and theft by receiving, violated the Georgia Racketeer Influenced & Corrupt Organizations ("RICO") Act. Proctor moved for partial summary judgment as to the RICO claim arguing that the Pattersons failed to show that the defendants engaged in a pattern of racketeering activity. Without stating its reasons therefor, the trial court granted Proctor's motion. The Pattersons appeal.

1. The Pattersons argue that Proctor was not entitled to summary judgment on the RICO claim because there was evidence of a pattern of racketeering activity, namely that the defendants cut and removed timber from two other properties without the owners' consent. We agree and reverse.

OCGA § 16-14-4 (a) pertinently provides that it is unlawful for any person, through a pattern of racketeering activity or proceeds derived therefrom, to acquire any interest in or control of real or personal property of any nature.

> "Pattern of racketeering activity" means engaging in at least two incidents of racketeering activity that have the same or similar intents, results, accomplices, victims, or methods of commission or otherwise are interrelated by distinguishing characteristics and are not isolated incidents.

OCGA § 16-14-3 (8). "Racketeering activity" includes the offenses of theft by taking and theft by receiving. OCGA §§ 16-14-3 (9) (A) (ix); 16-8-1 through 16-8-21.

In his motion for partial summary judgment, Proctor argued that the two other incidents referred to in the complaint as separate incidents of racketeering activity were actually part of the same transaction as the one which formed the basis for the Pattersons' complaint. To support this contention, Proctor submitted evidence showing, among other things: Pine Timber Wood Production contracted to cut and remove timber from land owned by Douglas and Danny Adams. Pine Timber Wood marked the Adamses' property line, then subcontracted with Proctor to cut and remove the timber. While working on the Adamses' property, Proctor's employees cut trees from property adjoining the Adamses' property on the north. This property was owned by the Hale family. Also while working on the Adams parcel, Proctor cut trees on properties owned by the Patterson and Spurlock families; these properties were adjacent to but south of the Adamses' property. Proctor averred that the trespass, cutting and tree removal were accidental. However, evidence that Proctor's actions were accidental is contradicted by testimony that the property lines were clearly marked every ten to twenty feet by brightly colored ribbon and testimony that a Pine Timber Wood employee showed Proctor where to cut and told him not to cut beyond the ribbons.

Because proving a pattern of racketeering activity is an element of their cause of action, a jury must decide whether the Pattersons met this burden unless Proctor can show, as a matter of law, that the predicate acts alleged by the Pattersons do not constitute a pattern of racketeering activity. See generally *Cobb v. Kennon Realty Svcs.*, 191

Ga. App. 740, 742 (2) (382 SE2d 697) (1989). Although Proctor contends the lower court properly granted summary judgment because the acts alleged did not constitute a pattern of racketeering activity since the acts were merely part of the same transaction, a question of fact remains and the trial court erred by granting summary judgment because courts cannot resolve facts or reconcile issues in summary judgment proceedings. See generally *Brown v. Freedman*, 222 Ga. App. 213, 217-218 (3) (474 SE2d 73) (1996); *Fletcher v. Amax, Inc.*, 160 Ga. App. 692, 695 (288 SE2d 49) (1981).

As the party opposing summary judgment, the Pattersons are entitled to the benefit of all reasonable doubts, and courts are required to construe the evidence and all inferences and conclusions therefrom in their favor. *Moore v. Goldome Credit Corp.*, 187 Ga. App. 594, 595-596 (370 SE2d 843) (1988). So viewed, the evidence shows that, despite clearly marked boundaries, Proctor cut timber on two different dates, at three different locations, and from the property of three different owners. Such conduct is sufficient to prove separate crimes against each property owner. Even if the three alleged thefts were part of the same basic scheme, we cannot say that they were one transaction when they occurred at different times, at different locations, and with different victims. See *Breland v. State*, 135 Ga. App. 478, 479 (1) (a) (218 SE2d 153) (1975). The acts alleged were not merely integral parts of the same transaction. In *Adams v. State*, 231 Ga. App. 279, 282 (2) (499 SE2d 105) (1998), this Court found that 14 theft offenses were sufficient to establish a pattern of racketeering activity even though the predicate acts all involved the same victim. The acts allegedly committed by Proctor, if proved, would constitute separate crimes against separate victims (see OCGA § 16-8-2), who merely owned land in the same area, but did not participate jointly in this endeavor. Therefore, this case is different from *Emrich v. Winsor*, 198 Ga. App. 333 (401 SE2d 76) (1991), in which the defendant induced two co-investors to participate jointly in a single investment. The trial court erred in granting summary judgment to Proctor on this issue because genuine issues of material fact remain for trial.

2. Proctor also claimed in his motion for partial summary judgment that there was no evidence that he conspired with anyone to violate the Georgia RICO Act or any other criminal statute, nor any evidence that he was part of an "organized criminal element." Conspiracy is not an essential element of a RICO claim brought under parts (a) or (b) of OCGA § 16-14-4, and may not be an essential element of part (c), depending upon the allegations. The Pattersons did not allege conspiracy.

Nor is it necessary to show any nexus with organized crime. See OCGA § 16-14-4 (a); *Dee v. Sweet*, 218 Ga. App. 18, 19 (1) (460 SE2d 110) (1995). We note that the question of whether Proctor intended to

violate the RICO Act or any other statute is properly left to the trier of fact. See OCGA § 16-2-6; *Wells v. State*, 226 Ga. App. 172, 174 (1) (486 SE2d 390) (1997). Summary judgment was not authorized on these bases.

*Judgment reversed. Barnes, J., concurs. Smith, J., concurs specially.*

SMITH, Judge, concurring specially.

I agree with the majority that the allegations made in this action fall within the scope of the RICO statute as interpreted by the Georgia courts, particularly in the context of a summary judgment. I write separately to note the expansion of the RICO statute beyond what the legislature may have originally intended. The civil remedy of trespass to land seems a more reasonable remedy for the cutting of timber on property adjacent to a single tract of land, even if it occurs on two sides of the tract. See, e.g., *Young v. Faulkner*, 228 Ga. App. 587 (492 SE2d 331) (1997).

DECIDED FEBRUARY 22, 1999 —
RECONSIDERATION DENIED MARCH 29, 1999 —

*Allen W. Bodiford, John L. Watson, Jr., Martin C. Jones*, for appellants.

*Self, Mullins, Robinson, Marchetti & Kamensky, Richard A. Marchetti*, for appellees.