25535. WORTHY *v.* THE STATE.

212

DECIDED SEPTEMBER 12, 1936.

George G. Finch, J. L. Finch, for plaintiff in error.

John A. Boykin, solicitor-general, J. W. LeCraw, E. A. Stephens, contra.

GUERRY, J. The sole reason insisted on by the plaintiff in error for the grant of a new investigation of the charge against him is based on the alleged erroneous action of the judge in overruling a motion for mistrial. It appears that a witness for the State, Yarbrough, was introduced and examined by the solicitor-general, and was cross-examined by counsel for the plaintiff in error. Upon the completion of this examination the court was adjourned until the following day. When the court opened on the following morning to resume the trial, counsel for the defendant called for Yarbrough, stating that the defendant had information and evidence making it necessary, in the proper conduct of his case, to cross-examine him further. Yarbrough was a resident of Tennessee, and was not present in court. Counsel for the defendant moved that the court declare a mistrial. This motion the judge overruled. Counsel had made no request of the court that Yarbrough be held for further examination, although it was known that the witness was a non-resident. In *Gale* v. *State*, 135 *Ga.* 351 (69 S. E. 537), relied on by the plaintiff in error, the "main and indispensable witness for the State was examined in chief, and during cross-examination collapsed physically," and the cross-examination was not completed. So far as appears in this case, the defendant completed his cross-examination when the witness was on the stand, and did not request the court to have the witness held for further cross-examination. It is clear that opportunity to exercise the right of cross-examination was given, and this is all the benefit that may be expected therefrom. While cross-examination is "the greatest legal engine ever invented for the discovery of truth," "a cross-examination begun but unfinished suffices if its purposes have been substantially accomplished. Where, however, the failure to obtain cross-examination is in any sense attributable to the *cross-examiner's own consent or fault*, the

lack of cross-examination is of course no objection." Wigmore on Evidence (2d ed.), § 1390. Having cross-examined the witness, and not having requested the court that he be held for further examination, the defendant is in no position to complain that he has been denied the right of a thorough and sifting examination of every witness that appeared against him. The court did not err in overruling the motion for mistrial.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*