## 62065. BAKER v. THE STATE.

CARLEY, Judge.

Appellant was indicted for motor vehicle theft under former Code Ann. § 26-1813 in that he "did unlawfully take and carry away, with intent to steal the same, a certain motor vehicle, to wit: one (1) 1976 Chevrolet Caprice automobile, the property of Gracie L. Hall, of the value of $3,000.00, with the intention of depriving the said owner of said property . . ." The jury returned its verdict finding appellant guilty and he appeals from the judgment and sentence entered thereon.

1. Appellant first urges that the state failed to prove that the vehicle was owned by Mrs. Hall as alleged in the indictment. While Mrs. Hall testified that the vehicle was "registered in [her] husband's name," she identified and referred to the vehicle stolen by appellant as "her" car and as the "[f]amily car." This was sufficient evidence of ownership. See *Dollar v. State,* 149 Ga. App. 97 (1) (235 SE2d 461) (1979). Even assuming the evidence demonstrated that the true "owner" of the car was Mr. Hall, no fatal variance would be shown

under the evidence in the instant case. " 'It is well established that those who steal will not be permitted to raise "nice and delicate questions" as to the title of that which is stolen. [Cit.] Thus, " '[t]he ownership of personal property, in an indictment for larceny, may be laid in a bailee having possession of the property when it was stolen, though the bailment was gratuitous. A like description of ownership of personal property mentioned in an indictment for burglary, is sufficient . . .' [Cits.]" ' [Cit.] . . . [T]his state no longer strictly applies the fatal variance rule. [Cit.]" *Jones v. State,* 156 Ga. App. 646 (276 SE2d 50) (1980). This enumeration is without merit.

2. Appellant also contends that the stolen vehicle was not properly identified. Mrs. Hall testified that appellant stole her 1976 Caprice automobile. Appellant admitted he took the car and later abandoned it. Mrs. Hall testified that it was the 1976 Caprice that was eventually returned to her after it had been abandoned by appellant. We find this enumeration meritless. *Oglesby v. State,* 243 Ga. 690, 694 (7) (256 SE2d 371) (1979); *Bain v. State,* 144 Ga. App. 470 (2) (241 SE2d 586) (1978).

3. Appellant, relying upon *State v. Ramos,* 145 Ga. App. 301 (243 SE2d 693) (1978), urges that the "value" of the automobile is an essential element of the crime of motor vehicle theft and that his conviction must be reversed because the state's evidence was deficient in this regard. This argument is without merit. "Value" is not an element, per se, of the crime of theft, being relevant only on the issue of the punishment to be imposed. *Bryan v. State,* 148 Ga. App. 428 (1) (251 SE2d 338) (1978). Former Code Ann. § 26-1813 provided, however, that the "theft of *any* motor vehicle" was punishable as a felony without any reference to the "value" thereof. See also former Code Ann. § 26-1812 (a) (Ga. L. 1968, pp. 1249, 1295; 1972, pp. 841, 842). Thus, the "value" of the automobile was simply not an element of the crime prohibited under former Code Ann. § 26-1813, nor is it an element of the theft of a motor vehicle under existing law. See Ga. L. 1981, p. 1576. The allegation in the indictment in the instant case concerning the "value" of the automobile was mere surplusage and need not have been proven. See *Corson v. State,* 144 Ga. App. 559, 561 (2) (241 SE2d 454) (1970).

4. The evidence supports the verdict. After a review of the entire record, we find that a rational trior of fact could reasonably have found from the evidence adduced at trial proof of the guilt of appellant beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

Decided September 22, 1981—

*Thomas R. Taggart,* for appellant.
*Spencer Lawton, Jr., District Attorney, Michael A. Lewanski, Assistant District Attorney,* for appellee.