## 77837. JACKSON v. THE STATE.
### (379 SE2d 4)

POPE, Judge.

Appellant was convicted of rape, aggravated assault with a deadly weapon and theft by taking. The trial court found that the aggravated assault conviction merged into the rape conviction, and appellant was sentenced to 15 years on the rape count and one year to be served concurrently on the theft by taking charge.

1. In his second enumeration of error, appellant argues that the trial court erred in failing to strike the victim's testimony because her testimony was unresponsive on cross-examination, "coached" on direct examination and improperly interpreted.

The victim is a young deaf woman who has limited education. The interpreter at trial testified that she has a very limited vocabulary of 1,500 to 2,000 words. She communicated at trial by means of sign language with an interpreter who was qualified in accordance with OCGA § 24-9-101 (6). Almost all of the victim's testimony, both on direct and cross-examination, came in response to leading questions. The victim seemed incapable of responding to open-ended questions. Counsel for appellant made no objection to the use of leading questions. In his cross-examination, defense counsel became very frustrated with the difficulty he was having in examining the victim. At one point, counsel indicated he might ask the court to strike the victim's direct testimony as a consequence of her unresponsiveness. Instead, an overnight recess was taken, and counsel renewed his cross the next day. The victim was more responsive and counsel conducted a lengthy cross-examination. Still, difficulties in communication persisted. Counsel for appellant questioned the effectiveness of the interpreter and the court permitted an extensive voir dire of the interpreter regarding his technique by both counsel. The court offered appellant's counsel another opportunity to fully cross-examine the victim. Counsel stated he wanted to question her again regarding her

knowledge of the appellant's brother and sister-in-law, but saw no need to go over everything else. The court permitted this. During this questioning, another qualified interpreter, in court apparently at the behest of the defendant, was sworn and aided the first interpreter. Appellant's counsel then completed his cross.

This court has carefully reviewed the record. It is apparent that the trial court and counsel for both sides worked cooperatively and diligently to overcome the communication difficulties presented by the victim's handicap and lack of education. Although counsel for appellant indicated on different occasions that he *might* move to strike the victim's testimony, it is clear from the record that he never did make such a motion, nor did he move for a mistrial or actually or finally object to the accuracy of the interpreter. From the record, it appears that none of this was done because the trial court responded to counsel's concerns and counsel was able to satisfactorily complete his examination. Therefore, we find no error. See generally *Worthy v. State*, 54 Ga. App. 211 (187 SE 613) (1936).

2. Our review of the record shows sufficient competent evidence was adduced at trial to authorize a rational trier of fact to find appellant guilty beyond a reasonable doubt on both charges. Although appellant questions the sufficiency because of a lack of physical evidence of rape, the jury had the testimony of the victim, who said she was raped by appellant, corroborated by other witnesses' testimony about appellant's presence in the victim's apartment, as well as testimony about appellant's possession of the knife used in the assault and appellant's possession of the gold chain taken from the victim's apartment. The evidence was sufficient. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

3. Appellant argues that there exists a fatal variance between the indictment and proof on the theft by taking charge because the indictment alleged that the chain taken belonged to the victim and the proof showed it belonged to her husband. This enumeration is without merit. *Baker v. State*, 160 Ga. App. 211 (1) (286 SE2d 458) (1981).

*Judgment affirmed. McMurray, P. J., and Benham, J., concur.*

DECIDED FEBRUARY 7, 1989 —
REHEARING DENIED FEBRUARY 15, 1989 —

*J. M. Raffauf*, for appellant.

*Robert E. Wilson*, District Attorney, *J. Michael McDaniel, Robert M. Coker, Barbara B. Conroy*, Assistant District Attorneys, for appellee.