## S91A1371. BYRD v. THE STATE.
(411 SE2d 709)

CLARKE, Chief Justice.

Appellant Darrell Byrd was convicted of malice murder, armed robbery, and possession of a firearm in the commission of a felony pursuant to OCGA § 16-11-106 (b) (4).[1]

The events of the night of March 16-17, 1990 occurred at an apartment in the Perry Homes complex in Atlanta known as a "shooting gallery," according to testimony at trial. Several people were in and out of the apartment during the evening of the shooting. There was testimony that appellant, Nakia Jordan, and Dwayne Jackson, who were tried for the crimes, were told that the victim had $2,000 and discussed robbing the victim. Following this discussion, according to this testimony, appellant and Jackson left the apartment and returned with a 30.06 hunting rifle. Another witness testified that she was present when appellant shot the victim. Jordan testified to seeing him holding the murder weapon after the shooting while Jack-

---

[1] The crime occurred March 17, 1990. Appellant was indicted July 20, 1990. He was tried by a jury and convicted of malice murder, armed robbery, and possession of a firearm during the commission of a felony pursuant to OCGA § 16-11-106 (b) (4) on December 19, 1990. He was sentenced March 14, 1991. The transcript was certified March 7, 1991. A motion for new trial was filed April 3, 1991, and denied May 13, 1991. A notice of appeal was filed June 6, 1991, and the case was docketed in this court July 22, 1991. The appeal was submitted for decision September 6, 1991.

son went through the victim's pockets. Jordan testified that the three men split up the money from the victim's pockets and that appellant later told Jordan that he had shot the victim.

On appeal appellant asserts one enumeration of error: that the possession of a firearm charge merged with the armed robbery charge does not support a separate sentence. He does not appeal either the murder or the armed robbery charge.

Byrd was represented at trial and on appeal by Douglas Willix of the Fulton County Public Defender's office. Kenneth Kondritzer, another attorney from that office, has made a motion that this court appoint independent counsel for appellant because of ineffective assistance of counsel on appeal and perhaps at trial as well. The motion in question comes not from appellant but from Mr. Kondritzer. Appellant is presently represented by Mr. Willix. Mr. Kondritzer does not purport to represent appellant and therefore has no standing to bring the motion. The motion is denied. However, denial of this motion does not prejudice the rights of appellant to raise the question of ineffective assistance of counsel by appropriate subsequent proceedings.

1. Reviewing the evidence of appellant's conviction under OCGA § 16-11-106 (b) (4) in the light most favorable to the jury's verdict, we hold that a rational trier of fact could have found appellant guilty of the crime for which he was convicted beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. In support of his argument that the conviction of possession of a firearm during the commission of a felony merges with the armed robbery conviction and cannot support a separate sentence, appellant cites *High v. State*, 247 Ga. 289 (276 SE2d 5) (1981). This court overruled *High v. State* in *Wilson v. Zant*, 249 Ga. 373 (290 SE2d 442) (1982), holding that there was express legislative intent to impose double punishment for conduct violating Ga. Code Ann. § 26-9908a, the predecessor of OCGA § 16-11-106, and other felony statutes. Therefore, appellant's sole enumeration of error is without merit.

3. The state contends that the case should be remanded for resentencing because while OCGA § 16-11-106 mandates a five-year sentence to be served consecutive to the sentence under the other felony, the court in this case sentenced appellant to five years to be served concurrently with the sentence for the murder. We agree and remand.

*Remanded with direction for resentencing. Weltner, P. J., Bell, Hunt, Benham and Fletcher, JJ., concur.*

DECIDED JANUARY 9, 1992.

*J. Douglas Willix,* for appellant.

*Lewis R. Slaton, District Attorney, Richard E. Hicks, Assistant District Attorney, Michael J. Bowers, Attorney General, Peggy R. Katz, Staff Attorney,* for appellee.