## S92A0312. HAWKINS v. THE STATE.
### (415 SE2d 636)

CLARKE, Chief Justice.

Sixteen-year-old Shawn Hawkins was convicted of the felony murder of Shontonia Bentley, and the aggravated assault of Nathaniel Yates. The trial court sentenced Hawkins to life imprisonment for the murder, but set aside the conviction for aggravated assault, finding that it merged with the conviction for felony murder.[1] Additionally, Hawkins was convicted of possession of a firearm during the commission of a crime; carrying a gun without a license; carrying a gun to a public gathering; and discharging a firearm near a public street. For these crimes Hawkins was sentenced to a term of years.

The record shows that on May 18, 1991, Nathaniel Yates, Yates' brother, and Hawkins were present at a friend's house. Yates' brother testified that Hawkins asked for a cigarette and was told he could get one from the Yates' car. When the Yates brothers returned to their car, they found $50 missing from the front seat. They located Hawkins and made him remove some of his clothing to determine if he had the money. Nathaniel Yates struck the defendant and demanded his money. Later in the day the Yates brothers saw Hawkins sitting outside a gym with Shontonia Bentley. Nathaniel Yates got out of the car and again demanded his money. There is evidence to show that Nathaniel Yates stuck his finger in Hawkins' face and then slapped him. Hawkins turned, drew a gun, and began firing. One bullet struck and killed Shontonia Bentley, and another injured Nathaniel Yates.

Hawkins testified in his defense that he fired because he feared that the Yates brothers were going to harm him.

1. The evidence is sufficient for a rational trier of fact to have found Hawkins guilty beyond a reasonable doubt of the crimes which he challenges on appeal. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The trial court extensively charged the jury on the law of justification. The trial court's failure to charge the jury in the exact language requested by Hawkins is not a ground for reversal as the charge given covered substantially the principles of the requested charge.

---

[1] The crimes were committed on May 18, 1991. The defendant was tried on August 14, 1991, and the jury returned its verdict that same day. The defendant was sentenced on October 11, 1991. The record does not indicate that a motion for new trial was filed. The appeal was docketed in the Court of Appeals on December 2, 1991, and transferred to this court on December 5. The case was submitted on briefs on January 24, 1992.

*Myers v. State*, 260 Ga. 412, 413 (395 SE2d 811) (1990).

3. (a) Contrary to Hawkins' assertion, his conviction for possession of a firearm during the commission of a felony, OCGA § 16-11-106, does not merge with his conviction for felony murder. *Alvin v. State*, 253 Ga. 740 (1) (325 SE2d 143) (1985); *Miller v. State*, 250 Ga. 436 (298 SE2d 509) (1983).

(b) Hawkins was convicted of OCGA § 16-11-103 which makes it a misdemeanor when a person, "without legal justification . . . discharges a gun or pistol on or within 50 yards of a public highway or street." He argues that under OCGA §§ 16-1-6 and 16-1-7, this crime merges into his felony murder conviction because both crimes involve proof of the possession and discharge of a firearm.

OCGA § 16-1-6 provides, in part, that one crime is included in another when "[i]t is established by proof of the same or less than all the facts . . . required to establish the commission of the crime charged. . . ." In determining whether one crime is included in another, this court applies the "actual evidence" test such "that if the state uses up all the evidence that the defendant committed one crime in establishing another crime, the former crime is included in the latter as a matter of fact. . . ." *Alvin*, supra at 742.

An essential element of OCGA § 16-11-103 is proof that the accused discharged the weapon within 50 yards of a public highway or street. As such evidence is unnecessary to prove the crime of felony murder, the trial court did not err in refusing to set aside Hawkins' conviction under OCGA § 16-11-103.

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 30, 1992.

*Short & Fowler, Lester M. Castellow,* for appellant.

*H. Lamar Cole, District Attorney, Charles M. Stines, Assistant District Attorney, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Robert D. McCullers, Staff Attorney,* for appellee.