S95A0080. JENKINS v. THE STATE.
(458 SE2d 477)

HUNSTEIN, Justice.

Pursuant to the unified appeal procedure in capital felonies, OCGA § 17-10-35.1, we granted the application for interim appeal filed by Clevon Jamel Jenkins, who has been charged with the armed robbery and malice murder of a Riceboro man.[1]

---

[1] The granted application for interim appeal by Jenkins' co-defendant, Maurice Fleming, is the subject of this Court's opinion in *Fleming v. State*, 265 Ga. 541 (458 SE2d 638)

1. Appellant asserts error in the trial court's ruling permitting counsel in closing argument in the sentencing phase to address the possibility of parole. OCGA § 17-10-31.1 (d),[2] by expressly authorizing argument to the jury on the issue of parole in the sentencing phase of death penalty trials, conflicts with OCGA § 17-8-76 (a),[3] which imposes an absolute bar on such argument. The rule for construing statutes which may be in conflict is that the most recent legislative expression prevails. *Gunn v. Balkcom,* 228 Ga. 802, 804 (188 SE2d 500) (1972); *Simmons v. State,* 148 Ga. App. 317, 318 (251 SE2d 167) (1978). OCGA § 17-10-31.1 is the more recent legislative expression[4] and its provisions thus prevail as to closing arguments made in the sentencing phase of death penalty cases. Accordingly, there is no error in the trial court's ruling.

2. The evidence supports the trial court's finding that certain statements appellant made to an officer following his arrest were spontaneous and were not elicited by custodial interrogation. Accordingly, we uphold the trial court's ruling that the statements are admissible at trial. See *Hallman v. State,* 263 Ga. 72 (1) (428 SE2d 344) (1993); *Wilson v. State,* 211 Ga. App. 457 (1) (439 SE2d 685) (1993).

3. Appellant contends error in the trial court's ruling that the defense would not be allowed to introduce testimony by mental health experts as mitigation evidence in the sentencing phase unless appellant submits to a court-ordered examination by mental health experts, whose report would thereafter be made available to the prosecution. In *Lynd v. State,* 262 Ga. 58 (11) (414 SE2d 5) (1992), we recognized that the exclusion of psychiatric evidence when the defendant refuses to submit to state-selected psychiatric examination is justified " 'by the State's overwhelming difficulty in responding to the defense psychiatric testimony without its own psychiatric examina-

---

(1995).

[2] OCGA § 17-10-31.1 (d) provides

Notwithstanding any other provision of law, during the sentencing phase before a jury, counsel for the state and the accused may present argument and the trial judge may instruct the jury:

(1) That "life without parole" means that the defendant shall be incarcerated for the remainder of his or her natural life and shall not be eligible for parole . . .

(2) That "life imprisonment" means that the defendant shall be incarcerated for the remainder of his or her natural life but will be eligible for parole during the term of such sentence.

[3] OCGA § 17-8-76 (a) provides:

No attorney at law in a criminal case shall argue to or in the presence of the jury that a defendant, if convicted, may not be required to suffer the full penalty imposed by the court or jury because pardon, parole, or clemency of any nature may be granted by the Governor, the State Board of Pardons and Paroles, or other proper authority vested with the right to grant clemency.

[4] OCGA § 17-10-31.1 was enacted in 1993. Ga. L. 1993, p. 1654, § 5. OCGA § 17-8-76 (a) was enacted in 1955. Ga. L. 1955, p. 191, §§ 1-3.

tion of the accused . . . .' [Cit.]" Id. at 64.

> A criminal defendant can no more present psychiatric testimony without submitting to an examination by a state-selected psychiatrist than he may testify at trial without submitting to a cross-examination.

(Footnote omitted.) Id. Accord *Godfrey v. Francis*, 251 Ga. 652 (5) (308 SE2d 806) (1983). We find no merit in appellant's arguments that the rationale in *Lynd* should be limited to mental health testimony adduced in the guilt-innocence phase of trials. Contrary to appellant's position, the trial court's ruling does not unduly restrict the evidence the defense can offer in mitigation, given that the sole cause for the restriction is appellant's own refusal to submit to a court-ordered examination that is essential to enable the prosecution to rebut expert mental health testimony, should appellant later choose to present evidence concerning his private examination. See *Godfrey*, supra at 656 (5).

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 30, 1995.

*Henderson & Henderson, David C. Walker, Hal T. Peel, Charlotta Norby*, for appellant.

*Dupont K. Cheney, District Attorney, Michael J. Bowers, Attorney General, Susan V. Boleyn, Mary Beth Westmoreland, Senior Assistant Attorneys General*, for appellee.