## S95A1044. ABERNATHY v. THE STATE.

(462 SE2d 615)

HUNSTEIN, Justice.

The State is seeking imposition of the death penalty against Dennis Virgil Abernathy, Jr. for the murders of his mother and father at their home in Cherokee County.[1] We granted Abernathy's application for interim appeal pursuant to OCGA § 17-10-35.1 to consider two pretrial orders rendered by the trial court pursuant to Uniform Superior Court Rule 31.4. The first order requires Abernathy to notify the State in accordance with USCR 31.1 if he intends to introduce at trial evidence of insanity, mental incompetence or mental illness as defined in OCGA § 17-7-131; the second order requires Abernathy to notify the State, by a specific deadline, if he does not intend to introduce evidence of mental illness in any phase of trial and, in the absence of such notice, to submit to an independent psychiatric evaluation or be barred from presenting such evidence, even in mitigation. We hold that pretrial notice of the defense's intent to present mental health evidence may be required only when the evidence is presented through experts. We further hold that the State may not obtain or use the results of an independent mental health evaluation to rebut purely lay testimony. We decline to limit the scope of the independent evaluation itself but reiterate that the State's use of the independent expert's testimony at trial is limited strictly to rebuttal. Finally, we hold that the amount of pretrial notice required in this case was both reasonable and adequate.

1. We recently held that exclusion of expert mental health evidence offered by the defense in mitigation during the sentencing phase of a capital trial is justified when the defendant refuses to submit to an independent mental health evaluation. *Jenkins v. State*, 265 Ga. 539 (3) (458 SE2d 477) (1995). Accordingly, under *Jenkins*, the trial court in this case did not err when it ordered Abernathy to undergo an independent evaluation or be barred from presenting the testimony of a mental health expert in mitigation at the sentencing phase of his trial.

2. Abernathy contends that the trial court's orders in this case are overbroad in that they can be read to require notice and submission to independent evaluation even if Abernathy intends to introduce evidence of mental illness only through lay witnesses.

Our prior opinions clearly contemplate use of the independent mental health evaluation solely in rebuttal of expert testimony. In *Jenkins*, supra, we stated that a "court-ordered examination . . . is essential to enable the prosecution to rebut expert mental health tes-

---

[1] Abernathy was also indicted for arson, armed robbery, burglary and theft by taking in connection with the murders.

timony, should appellant later choose to present evidence concerning his private examination." Id. at 541. See also *Bright v. State*, 265 Ga. 265, 272-273 (455 SE2d 37) (1995).

A review of the trial court's orders reveals that the first order requires notice no later than ten days prior to trial of any intent to raise an issue of insanity, mental incompetence or mental illness as defined in OCGA § 17-7-131.[2] The order contains no language exempting from the notice any lay witness testimony Abernathy may intend to present. The second order provides for an independent mental health evaluation following Abernathy's failure to declare that he does not intend to offer psychiatric or psychological evidence at trial. This order, like the first, contains no language acknowledging that Abernathy does not have to submit to an independent evaluation if he is able to state in advance that his evidence of mental illness will not include expert testimony. Finally, both orders fail to limit the use of the independent evaluation to the rebuttal of expert, as opposed to lay, testimony.

Because the purpose of notice is to give the State an opportunity to obtain an independent expert mental health evaluation and prepare its evidence in rebuttal, *Jenkins*; *Bright*, supra, Abernathy need not provide notice pretrial if he intends to present evidence of mental illness solely through lay witnesses. Abernathy may likewise avoid undergoing an independent evaluation if he is able in advance to assure the State that he will offer no evidence of mental illness through expert testimony. Finally, even if Abernathy undergoes an independent evaluation, the State may use that evaluation in rebuttal only if Abernathy offers expert testimony in mitigation. Because the trial court's orders do not expressly so provide, we remand the orders to the trial court with direction to clarify the orders so that they comport with the holding in this opinion.

3. Abernathy also contends that the trial court's orders are overbroad in that no limits are placed upon the scope of the independent evaluation to which he must submit in order to preserve his right to introduce expert mental health evidence in mitigation. He argues that his right against self-incrimination will be violated if he is required to cooperate in a free-ranging evaluation by a State mental health expert who may then testify regarding matters beyond the scope of mitigation evidence, such as Abernathy's state of mind at the time of the murders.

We decline to place limits on the scope of the independent evalu-

---

[2] OCGA § 17-7-131 (a) (2) defines "mentally ill" as having a disorder of thought or mood which significantly impairs judgment, behavior, capacity to recognize reality, or ability to cope with the ordinary demands of life. However, "mental illness" shall not include a mental state manifested only by repeated unlawful or antisocial conduct.

ation to which a defendant must submit as a prerequisite to offering expert mental health testimony in mitigation. However, we reiterate our holding in *Jenkins*, supra, that the State may offer expert mental health testimony only in the sentencing phase and strictly in rebuttal of the expert mental health evidence offered in mitigation by the defense. See *Jenkins*, supra at 541. The trial court's order in this case, by providing that "nothing obtained by the state through [the] independent evaluation of the defendant may be used except in rebuttal," thus comports with our holding.

4. The trial court's first order, granting the State's motion made pursuant to USCR 31.4, implicitly incorporates the timing requirement in USCR 31.1 that the defense must notify the State at least ten days before trial of the intent to introduce evidence of mental illness. The State contends that this notice requirement is inadequate to enable the State to obtain an independent evaluation of a defendant and to prepare rebuttal.

We agree with the State that ten days may not be adequate notice in some instances. As we articulated in *Bright*, supra,

> in recognition of the state's interest under § 17-7-130.1 to have an opportunity to rebut a defendant's expert testimony at trial, the defendant must cooperate with the court expert in time for the state to adequately prepare its evidence in response to the defendant's expert testimony.

Id. at 273.

Nevertheless, in the present case we find no error in the trial court's orders with regard to timing, and we decline to create a new rule requiring earlier notice. USCR 31.1 provides that notice shall be given at least ten days before trial "unless the time is shortened or lengthened by the trial judge." Here, the trial court's second order was a reasonable exercise of the discretion afforded the trial court by USCR 31.1. Although the independent examination was stayed pending resolution of this interim appeal, there is no evidence that the amount of time which will be available to the State to prepare rebuttal following the independent evaluation will be inadequate in this case.

*Judgment affirmed in part and remanded with direction. All the Justices concur.*

DECIDED OCTOBER 16, 1995.

*John B. Sumner, Louis M. Turchiarelli,* for appellant.
*Garry T. Moss, District Attorney, Michael J. Bowers, Attorney*

*General, Susan V. Boleyn, Senior Assistant Attorney General, Peggy R. Katz, Assistant Attorney General,* for appellee.