## S96A1144. JACKSON v. THE STATE.

(475 SE2d 637)

CARLEY, Justice.

After a jury trial, Anthony Young Jackson was convicted of: malice murder; possession of a firearm during the commission of a crime; theft by taking of United States currency; theft by taking of a handgun; and, theft by taking of a vehicle. He was sentenced to life imprisonment for the murder and to consecutive terms of years for the remaining charges. He appeals from the judgments of conviction and sentences entered on the guilty verdicts.[1]

1. The evidence showed that Jackson shot the victim twice and robbed his place of business, but Jackson asserts that the State nevertheless failed to prove malice aforethought. According to Jackson, he fired the initial shot accidentally and, fearing that this would not be believed, he then staged the burglary and intentionally fired the second shot. The State's evidence showed, however, that Jackson always intended to take money from the victim, anticipated a fight, and, after robbing and shooting the victim, returned to the scene and intentionally shot the still-living victim a second time. The facts and circumstances were sufficient to authorize the jury to infer malice pursuant to OCGA § 16-5-1 (b) and the evidence also was sufficient for a rational trier of fact to have found Jackson guilty of the crimes charged beyond a reasonable doubt. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Derrick v. State,* 263 Ga. 766, 767 (1) (438 SE2d 903) (1994).

2. Contrary to Jackson's assertion, his conviction for possession

---

[1] The crimes occurred on August 4, 1992 and Jackson was indicted on January 6, 1993. The guilty verdicts were returned on September 10, 1993 and the judgments of conviction and sentences were entered on September 16, 1993. Jackson's motion for new trial was filed on October 12, 1993, amended on May 15, 1995 and denied on December 13, 1995. His notice of appeal was filed on December 14, 1995 and the case was docketed in this Court on April 11, 1996. On June 3, 1996, the appeal was submitted for decision.

of a firearm during the commission of a felony does not merge into his conviction for murder. *Hawkins v. State*, 262 Ga. 193, 194 (3) (a) (415 SE2d 636) (1992); *Byrd v. State*, 261 Ga. 808, 809 (2) (411 SE2d 709) (1992); *Alvin v. State*, 253 Ga. 740, 741 (1) (325 SE2d 143) (1985).

3. As to the count of theft by taking of an automobile, the indictment alleged that the value of the stolen automobile exceeded $100. Jackson contends that the State failed to produce any evidence to support this allegation. However, value is not an element of the crime of theft by taking. *Wilson v. Reed*, 246 Ga. 743, 745 (2) (272 SE2d 699) (1980). Thus, the allegation "concerning the 'value' of the automobile was mere surplusage and need not have been proven. [Cit.]" *Baker v. State*, 160 Ga. App. 211, 212 (3) (286 SE2d 458) (1981). Likewise, value would not be relevant to the punishment to be imposed for theft by taking of an automobile. OCGA § 16-8-12 (a) (4) (A); *Preston v. State*, 183 Ga. App. 20, 23 (7) (357 SE2d 825) (1987). Compare *Wilson v. Reed*, supra at 745 (2). Furthermore, since the value of the automobile did not have to be proven, the trial court did not err in charging the jury on theft by taking of the automobile.

4. The murder count of the indictment alleged a "mortal wound," but the evidence showed that the victim had been shot twice. Jackson urges that he had not been put on notice by the indictment that more than one "mortal wound" would be shown by the State. Under the State's evidence, however, only the second wound had been "mortal," since the victim was still living at the time the second shot was fired. Thus, there was no variance between the allegata and probata.

Moreover, the indictment here did not expressly exclude more than one mortal wound, but did charge Jackson with causing the victim's death by shooting him in the head. We find that Jackson was sufficiently informed of the charges against him so that he could prepare a defense and that there was no danger that Jackson would be prosecuted again for the same offense. Therefore, any variance between the allegata and probata was insignificant and would not require reversal. *Battles v. State*, 262 Ga. 415, 417 (5) (420 SE2d 303) (1992).

5. (a) Jackson enumerates as error the admission of his in-custody statement, contending that it was the product of an illegal pretextual arrest for a parole violation. It is undisputed that Jackson's arrest was based on a valid warrant for parole violation. Therefore, even if the arresting officers did not have probable cause to arrest Jackson for the murder and would not have arrested him other than for the purpose of investigating the murder, the arrest nevertheless did not violate the Fourth Amendment because the parole violation warrant itself was valid. See *Whren v. United States*, __ U. S. __ (116 SC 1769, 135 LE2d 89) (64 U. S. Law Week 4409)

(1996); *Ortiz v. State*, 266 Ga. 752 (1) (470 SE2d 874) (1996).

(b) Jackson also contends that his statement should have been suppressed because of its lack of voluntariness. In so urging, however, Jackson relies solely upon his own testimony, which, in every relevant part, conflicted with the testimony of the investigating officers. The trial court was entitled to weigh the credibility of the witnesses and to believe the officers instead of Jackson and, thus, the trial court's finding that the statement was voluntary is not clearly erroneous. *Arline v. State*, 264 Ga. 843, 844 (2) (452 SE2d 115) (1995); *Boneta v. State*, 164 Ga. App. 190, 191 (2) (296 SE2d 767) (1982).

6. When the State asked one of its witnesses how he knew Jackson, he answered, "Only way I know him is through being incarcerated with him." Jackson moved for a mistrial and enumerates as error the trial court's refusal to grant this motion.

A mistrial may be necessary where a veteran police officer refers to a defendant's prior incarceration after being instructed not to. *King v. State*, 261 Ga. 534, 535-536 (2) (407 SE2d 733) (1991). Compare *Matthews v. State*, 258 Ga. 144, 145 (2) (366 SE2d 280) (1988). However, where, as here, the witness is not a police officer and there is no instruction to the witness, a mistrial is not necessary. *King v. State*, supra; *Hillman v. State*, 184 Ga. App. 712, 714 (3) (362 SE2d 417) (1987).

7. Although he had not complied with the ten-day notice requirement of Uniform Superior Court Rules 31.1 and 31.4, Jackson sought to raise the issue of his insanity. Finding that the ten-day notice requirement did not violate the due process guarantees of the United States and Georgia Constitutions, the trial court held that the issue of Jackson's insanity could not be raised. Jackson urges that the trial court erred in so holding. However, Rule 31.4 specifically authorizes the giving of less than ten days' notice "for good cause shown." *Hodges v. State*, 257 Ga. 818, 819 (1) (364 SE2d 275) (1988). Here, the trial court ruled that Jackson had not shown "good cause." Due process is not violated by a requirement that a defendant, except for good cause shown, "give notice to the State of his intent to plead insanity as a defense. This type of notice statute has been upheld in the past by the United States Supreme Court and by [other courts]." *Thomas v. State*, 420 NE2d 1216, 1218-1219 (Ind. 1981). See *Williams v. Florida*, 399 U. S. 78 (90 SC 1893, 26 LE2d 446) (1970). Furthermore, the trial court did not err in refusing to charge on temporary insanity, since Jackson failed to file the requisite notice of intent to raise this issue and no evidence of Jackson's insanity was presented at trial. *Pruitt v. State*, 258 Ga. 583, 588 (13) (b) (373 SE2d 192) (1988); *Chapman v. State*, 258 Ga. 214, 217 (3) (f) (367 SE2d 541) (1988).

8. Jackson enumerates as error the admission of six photographs

showing pre-autopsy views of the victim and different perspectives of the crime scene. These photographs were not unduly repetitive and were relevant. Therefore, the trial court did not err in admitting them. *Caldwell v. State*, 263 Ga. 560, 564 (12) (436 SE2d 488) (1993); *Davis v. State*, 255 Ga. 598, 606 (10) (340 SE2d 869) (1986).

9. Jackson asserts that certain questions posed to him on cross-examination contained misstatements of fact. However, the questions were supported by Jackson's statement and by evidence that the victim was still alive when shot the second time. Because the State was entitled to cross-examine Jackson regarding a prior inconsistent statement and regarding inferences from the evidence that were contrary to Jackson's defense of accident, there was no error. *McMichen v. State*, 265 Ga. 598, 606 (11) (a) (458 SE2d 833) (1995); *Fugate v. State*, 263 Ga. 260, 265 (10) (431 SE2d 104) (1993).

10. Jackson urges that the charge on intoxication was error because he did not raise intoxication as a defense. However, there was evidence that Jackson was drinking on the evening of the murder and the charge on intoxication was, therefore, proper. *Clark v. State*, 265 Ga. 243, 246 (3) (d) (454 SE2d 492) (1995); *Robinson v. State*, 258 Ga. 279, 281 (4) (368 SE2d 513) (1988); *McKenzie v. State*, 249 Ga. 582 (2) (292 SE2d 692) (1982); *Taylor v. State*, 229 Ga. 536, 540 (3) (192 SE2d 249) (1972).

11. Jackson also urges that, by charging on "accident" only once, the trial court led the jury to believe that that defense was not applicable to both murder and involuntary manslaughter. However, the charge on "accident" followed the charges on both murder and involuntary manslaughter, and accurately informed the jury that it could not find Jackson guilty of any crime committed by accident and that, if it found that the death resulted from an accident, it had a duty to acquit Jackson. These instructions adequately presented Jackson's claim of "accident" to the jury. *Lucas v. State*, 265 Ga. 514, 516 (2) (458 SE2d 103) (1995).

12. Jackson asserts that the trial court erred by failing to charge the jury sequentially on involuntary manslaughter, accident, and then murder. We know of no authority which requires that charges on a lesser included offense and on an affirmative defense precede the charge on the greater offense. Of course, under *Edge v. State*, 261 Ga. 865 (414 SE2d 463) (1992), it would be an improper sequential charge to direct the jury to consider voluntary manslaughter only if it finds the defendant not guilty of felony murder. However, our decision in *Edge* is not applicable here since this case involves malice murder rather than felony murder and involuntary manslaughter rather than voluntary manslaughter. *Smith v. State*, 265 Ga. 495, 496 (3) (458 SE2d 347) (1995); *McNeal v. State*, 263 Ga. 397-398 (2) (435 SE2d 47) (1993).

13. Jackson urges that the verdict form does not conform to *Chapman v. State,* supra at 217 (4), which holds that it is better to omit preprinted terms such as "guilty" and "not guilty" from the verdict form and to require that the verdict be completed by the jury. Here, however, the verdict form did not suggest to the jury how to fill in the form, and the word "guilty" was not antecedent over the words "not guilty." Compare *Smith v. State,* 249 Ga. 228, 232 (5) (290 SE2d 43) (1982). Therefore, there was no error.

*Judgments affirmed. All the Justices concur.*

DECIDED SEPTEMBER 23, 1996.

*Keith M. Morris,* for appellant.

*Glenn Thomas, Jr., District Attorney, John B. Johnson III, Assistant District Attorney, Michael J. Bowers, Attorney General, Christopher S. Brasher, Assistant Attorney General,* for appellee.