In the Supreme Court of Georgia

Decided:    February 8, 2016

S15A1717.  OTIS v. THE STATE.

BENHAM, Justice.

Appellant Geary Otis was charged in a seven-count indictment with malice murder and other offenses arising out of the death of one victim and the assault of another on June 17, 2013.  On April 7, 2014, a jury was impaneled and sworn and the State and defense presented their opening statements.  At the conclusion of its opening statement, the defense revealed its intent to pursue an insanity defense, for which it had not given prior notice to the State.  Outside the presence of the jury, the State objected to the raising of this defense due to the lack of prior notice.  In response, the defense asserted that because Otis would not be calling an expert witness to support the defense, he was not required to give advance notice pursuant to Uniform Superior Court Rule 31.1[1] and what

---

[1] Uniform Superior Court Rule 31.1 reads as follows:
All motions, demurrers, and special pleas shall be made and filed at or before the time set by law unless time therefore is extended by the judge in writing prior to trial. Unless otherwise provided by law, notice of the state's intention to introduce child victim hearsay statements, notice of the defenses's intention to raise the issue of insanity or mental illness, or the defense's intention to introduce evidence of specific

is now Rule 31.5 (B)[2] (formerly Rule 31.4), and relied upon the holding in

*Abernathy v. State*, 265 Ga. 754 (462 SE2d 615) (1995).

At a hearing on the issue the following day, the trial court, sua sponte, and over appellant's objection, declared a mistrial and rescheduled the case for trial in two weeks. Appellant filed a plea in bar on the ground of double jeopardy and, after conducting a hearing on the double jeopardy issue, the trial court denied appellant's plea in bar. On appeal, Otis asserts the trial court erred in declaring a mistrial and in denying his plea in bar. We agree, and reverse.

In *Abernathy*, this Court stated that "[b]ecause the purpose of notice is to give the State an opportunity to obtain an independent expert mental health evaluation and prepare its evidence in rebuttal, . . . [a defendant] need not provide notice pretrial if he intends to present evidence of mental illness solely through lay witnesses." Id. at 755 (2). At the hearing on the notice issue, the State acknowledged this Court's interpretation of USCR 31.1 in the *Abernathy*

---

acts of violence by the victim against third persons, shall be given and filed at least ten days before trial unless the time is shortened or lengthened by the judge. Such fillings shall be in accordance with the following procedures.

[2] Uniform Superior Court Rule 31.5 (B) reads as follows:
Except for good cause shown, the issue of insanity shall not be raised in the trial on the merits unless notice has been filed and served ahead of trial as provided in these rules.

opinion, and did not seek a mistrial, but only a continuance in order to prepare to present evidence to rebut the insanity defense. The trial court, however, premised its analysis of the mistrial issue upon its conclusion that the *Abernathy* holding is inapplicable outside the context of an insanity defense pursued in the penalty phase of a death penalty case. Accordingly, the trial court declared a mistrial because it found Otis had failed to comply with the mandatory notice requirement contained in USCR 31.1.

Although *Abernathy* was decided in the context of interim review of a death penalty case, this Court's holding and reasoning were not limited to that context. The Court of Appeals has interpreted *Abernathy* in this manner[3], as well as a leading treatise on Georgia criminal procedure. See Daniels Criminal Trial Practice (2015-2016 ed.), § 14:92. In the two decades since this Court issued the *Abernathy* opinion, the Council of Superior Court Judges has not sought to amend the Uniform Superior Court Rules in any manner that would narrow the *Abernathy* holding in this regard. Accordingly, the circumstances in this case did not demand entry of mistrial. The trial court erred in entering a mistrial over the appellant's objection because appellant did not violate USCR

---

[3] *Crossley v. State*, 261 Ga. App. 250, 250 n.4 (582 SE2d 204) (2003).

31.1 when he announced his intent to raise the insanity defense based solely on lay witness testimony without first giving timely notice to the State. As a result, appellant may not be retried. See *Bagwell v. State*, 129 Ga. 170, 171 (58 SE 650 (1907) ("[W]here a mistrial has been improperly declared [over the protest of the accused], the prisoner cannot be again tried.").

Judgment reversed. All the Justices concur.

S15A1717. OTIS v. THE STATE.

NAHMIAS, Justice, concurring.

I join the Court's opinion in full, because it correctly applies to the circumstances of this case the Court's clear holding interpreting Uniform Superior Court Rule 31.1 and what is now Rule 31.5 in Abernathy v. State, 265 Ga. 754 (462 SE2d 615) (1995): "We hold that pretrial notice of the defense's intent to present mental health evidence may be required only when the evidence is presented through experts." Id. at 754. I question the correctness of that holding, which was based on the proposition that "the purpose of notice is to give the State an opportunity to obtain an independent expert mental health evaluation and prepare its evidence in rebuttal." Id. at 755. That may be the primary purpose of the notice rules, but the Abernathy opinion never quoted or discussed the actual *language* of the rules, which speaks of the defendant's intention "to raise the *issue* of insanity or mental illness," USCR 31.1 (emphasis added), rather than "to introduce *expert evidence* on insanity or mental illness" – even though other provisions of Rule 31 speak in terms of providing notice of evidence rather than issues (e.g., the defendant's "intention to introduce

evidence of specific acts of violence by the victim").

In any event, we should apply <u>Abernathy</u> as a matter of stare decisis, because it was an interpretation of court rules. If the holding of <u>Abernathy</u> was incorrect or simply should be different as a matter of policy, it can be changed through the rule-making process, which is even easier than revising an incorrectly interpreted statute. Cf. <u>Ga. Dept. of Natural Resources v. Center for a Sustainable Coast, Inc.</u>, 294 Ga. 593, 601 (755 SE2d 184) (2014) (explaining that the doctrine of stare decisis is more compelling for decisions interpreting statutes than decisions interpreting constitutional provisions because of the comparative difficulty for the democratic process to correct or alter the decision). And as the Court's opinion notes, the uniform rules have not been amended in the two decades since <u>Abernathy</u> to alter the holding in that case.

I write to emphasize that Uniform Superior Court Rules 31.1 and 31.5 *need* to be revised, no matter what we think of <u>Abernathy</u>. If we are going to continue to follow <u>Abernathy</u>, the holding of that case should be made explicit in the text of the rules, to ensure that trial judges, lawyers, and litigants who read the rules understand that this Court has imposed a significant limitation upon

their scope.[1]  Under <u>Abernathy</u>, the rules should refer to the intention to raise

"the issue of insanity or mental illness" (and in Rule 31.5, mental retardation as

well) "using expert evidence."  If instead it is decided that <u>Abernathy</u> should not

be followed, the rules should clearly abrogate its holding by adding "using

expert or non-expert evidence."  Or perhaps further consideration would result

in the adoption of amended rules that, like the federal rules of criminal

procedure, treat the affirmative defense of insanity differently from other

matters involving the defendant's mental condition, requiring notice of the

former whether based on expert or lay evidence and notice of the latter only

when expert evidence will be offered.  See Fed. R. Crim. P. 12.2 (a) (requiring

a defendant to provide pretrial notice of intent to assert "a defense of insanity")

---

[1]The risk of <u>Abernathy</u>'s holding being overlooked in applying these rules is illustrated by the case of <u>Jackson v. State</u>, 267 Ga. 130 (475 SE2d 637) (1996).  The appellate briefs in that case show that Jackson (like Otis here) sought to raise an insanity defense using only non-expert evidence, so under <u>Abernathy</u> he was not required to provide pretrial notice of his intention.  At his trial in September 1993 – two years before <u>Abernathy</u> was decided – Jackson, the State, and the trial court apparently read Rules 31.1 and 31.4 (now 31.5) to require (as their text said) pretrial notice of his insanity *issue*, which Jackson had not provided, so he claimed that those rules were invalid because they violated his constitutional due process rights (rather than that the rules simply did not apply).  His appeal was filed just two months after <u>Abernathy</u>, and this Court decided the appeal less than a year after it decided <u>Abernathy</u>.  Yet neither the parties in their briefs nor the Court in its opinion mentioned <u>Abernathy</u>.  To the contrary, the Court began its analysis of Jackson's due process claim by saying, "Although he had not complied with the ten-day notice requirement of Uniform Superior Court Rules 31.1 and 31.4, Jackson sought to raise the issue of his insanity," <u>Jackson</u>, 267 Ga. at 132 – even though under <u>Abernathy</u>, Jackson was not required to comply with that notice requirement.

and (b) (requiring a defendant to provide pretrial notice of intent to introduce "expert evidence relating to a mental disease or defect or any other mental condition of the defendant" bearing on the issue of guilt in any case or punishment in a death penalty case).

Notice requirements for criminal defendants are departures from the common law, but they may provide the State a fair opportunity to prepare to rebut defenses or defense theories that are unusual or depend on evidence not normally gathered in the course of preparing a prosecution, and thus they may produce trials better aimed at the fundamental objective of our criminal justice system, which is accurately determining the guilt or innocence of the accused. Notice requirements may also allow the trial court to better manage the trial process, which may be complicated in many ways by such issues. It is apparent that the trial court in this case was striving to produce a fair trial, but the court erred in not abiding by our holding in <u>Abernathy</u>. The result is that Otis cannot be re-tried for the murder and other crimes he is alleged to have committed.

I am authorized to state that Justice Blackwell joins in this concurrence.