BENHAM, Justice.
Appellant Geary Otis was charged in a seven-count indictment with malice murder and other offenses arising out of the death of one victim and the assault of another on June 17, 2013. On April 7, 2014, a jury was impaneled and sworn, and the State and defense presented their opening statements. At the conclusion of its opening statement, the defense revealed its intent to pursue an insanity defense, for which it had not given prior notice to the State. Outside the presence of the jury, the State objected to the raising of this defense due to the lack of prior notice. In response, the defense asserted that because Otis would not be calling an expert witness to support the defense, he was not required to give advance notice pursuant to Uniform Superior Court Rule (USCR) 31.1[1] and what is now Rule 31.5 (B)[2] (formerly Rule 31.4), and relied upon the holding in Abernathy v. State, 265 Ga. 754 (462 SE2d 615) (1995).
At a hearing on the issue the following day, the trial court, sua sponte, and over appellant’s objection, declared a mistrial and rescheduled the case for trial in two weeks. Appellant filed a plea in bar on the ground of double jeopardy and, after conducting a hearing on the double jeopardy issue, the trial court denied appellant’s plea in bar. On appeal, Otis asserts the trial court erred in declaring a mistrial and in denying his plea in bar. We agree, and reverse.
*545 In Abernathy, this Court stated that “[b]ecause the purpose of notice is to give the State an opportunity to obtain an independent expert mental health evaluation and prepare its evidence in rebuttal, ... [a defendant] need not provide notice pretrial if he intends to present evidence of mental illness solely through lay witnesses.” Id. at 755 (2). At the hearing on the notice issue, the State acknowledged this Court’s interpretation of USCR 31.1 in the Abernathy opinion, and did not seek a mistrial, hut only a continuance in order to prepare to present evidence to rebut the insanity defense. The trial court, however, premised its analysis of the mistrial issue upon its conclusion that the Abernathy holding is inapplicable outside the context of an insanity defense pursued in the penalty phase of a death penalty case. Accordingly, the trial court declared a mistrial because it found Otis had failed to comply with the mandatory notice requirement contained in USCR 31.1.
Although Abernathy was decided in the context of interim review of a death penalty case, this Court’s holding and reasoning were not limited to that context. The Court of Appeals has interpreted Abernathy in this manner,[3] as well as a leading treatise on Georgia criminal procedure. See Daniel’s Criminal Trial Practice (2015-2016 ed.), § 14:92. In the two decades since this Court issued the Abernathy opinion, the Council of Superior Court Judges has not sought to amend the Uniform Superior Court Rules in any manner that would narrow the Abernathy holding in this regard. Accordingly, the circumstances in this case did not demand entry of mistrial. The trial court erred in entering a mistrial over the appellant’s objection because appellant did not violate USCR 31.1 when he announced his intent to raise the insanity defense based solely on lay witness testimony without first giving timely notice to the State. As a result, appellant may not be retried. See Bagwell v. State, 129 Ga. 170, 171 (58 SE 650) (1907) (“[W]here a mistrial has been improperly declared [over the protest of the accused], the prisoner can not be again tried.”).

Judgment reversed.

All the Justices concur.

 USCR 31.1 reads as follows:
All motions, demurrers, and special pleas shall he made and filed at or before the time set by law unless time therefor is extended by the judge in writing prior to trial. Unless otherwise provided by law, notice of the state’s intention to introduce child victim hearsay statements, notice of the defense’s intention to raise the issue of insanity or mental illness, or the defense’s intention to introduce evidence of specific acts of violence by the victim against third persons, shall be given and filed at least ten days before trial unless the time is shortened or lengthened by the judge. Such filings shall be in accordance with the following procedures.

 USCR 31.5 (B) reads as follows:
Except for good cause shown, the issue of insanity shall not be raised in the trial on the merits unless notice has been filed and served ahead of trial as provided in these rules.

 Crossley v. State, 261 Ga. App. 260, 250, n. 4 (582 SE2d 204) (2003).