NAHMIAS, Justice,
concurring.
I join the Court’s opinion in full, because it correctly applies to the circumstances of this case the Court’s clear holding interpreting Uniform Superior Court Rule 31.1 and what is now Rule 31.5 in Abernathy v. State, 265 Ga. 754 (462 SE2d 615) (1995): “We hold that pretrial notice of the defense’s intent to present mental health evidence may be required only when the evidence is presented through *546 experts.” Id. at 754.1 question the correctness of that holding, which was based on the proposition that “the purpose of notice is to give the State an opportunity to obtain an independent expert mental health evaluation and prepare its evidence in rebuttal.” Id. at 755. That may be the primary purpose of the notice rules, but the Abernathy opinion never quoted or discussed the actual language of the rules, which speaks of the defendant’s intention “to raise the issue of insanity or mental illness,” USCR 31.1 (emphasis added), rather than “to introduce expert evidence on insanity or mental illness” — even though other provisions of Rule 31.1 speak in terms of providing notice of evidence rather than issues (e.g., the defendant’s “intention to introduce evidence of specific acts of violence by the victim”).
In any event, we should apply Abernathy as a matter of stare decisis, because it was an interpretation of court rules. If the holding of Abernathy was incorrect or simply should be different as a matter of policy, it can be changed through the rule-making process, which is even easier than revising an incorrectly interpreted statute. Cf. Ga. Dept. of Natural Resources v. Center for a Sustainable Coast, Inc., 294 Ga. 593, 601 (755 SE2d 184) (2014) (explaining that the doctrine of stare decisis is more compelling for decisions interpreting statutes than decisions interpreting constitutional provisions because of the comparative difficulty for the democratic process to correct or alter the decision). And as the Court’s opinion notes, the uniform rules have not been amended in the two decades since Abernathy to alter the holding in that case.
I write to emphasize that USCR 31.1 and 31.5 need to be revised, no matter what we think oí Abernathy. If we are going to continue to follow Abernathy, the holding of that case should be made explicit in the text of the rules, to ensure that trial judges, lawyers, and litigants who read the rules understand that this Court has imposed a significant limitation upon their scope.[4] Under Abernathy, the rules should refer to the intention to raise “the issue of insanity or mental illness” *547 (and in Rule 31.5, mental retardation as well) “using expert evidence.” If instead it is decided that Abernathy should not be followed, the rules should clearly abrogate its holding by adding “using expert or non-expert evidence.” Or perhaps further consideration would result in the adoption of amended rules that, like the federal rules of criminal procedure, treat the affirmative defense of insanity differently from other matters involving the defendant’s mental condition, requiring notice of the former whether based on expert or lay evidence and notice of the latter only when expert evidence will be offered. See Fed. R. Crim. R 12.2 (a) (requiring a defendant to provide pretrial notice of intent to assert “a defense of insanity”) and (b) (requiring a defendant to provide pretrial notice of intent to introduce “expert evidence relating to a mental disease or defect or any other mental condition of the defendant” bearing on the issue of guilt in any case or punishment in a death penalty case).
Decided February 8, 2016
Reconsideration denied March 7, 2016.
Amanda M. Grantham; Hawkins Parnell Thackston & Young, Bryan M. Grantham, for appellant.
Notice requirements for criminal defendants are departures from the common law, but they may provide the State a fair opportunity to prepare to rebut defenses or defense theories that are unusual or depend on evidence not normally gathered in the course of preparing a prosecution, and thus they may produce trials better aimed at the fundamental objective of our criminal justice system, which is accurately determining the guilt or innocence of the accused. Notice requirements may also allow the trial court to better manage the trial process, which may be complicated in many ways by such issues. It is apparent that the trial court in this case was striving to produce a fair trial, but the court erred in not abiding by our holding in Abernathy. The result is that Otis cannot be re-tried for the murder and other crimes he is alleged to have committed.
I am authorized to state that Justice Blackwell joins in this concurrence.
*548 Paul L. Howard, Jr., District Attorney, Paige Reese Whitaker, Sheila E. Gallow, Assistant District Attorneys; Samuel S. Olens, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, PaulaK. Smith, Senior Assistant Attorney General, for appellee.

 The risk oí Abernathy’s holding being overlooked in applying these rules is illustrated by the case of Jackson v. State, 267 Ga. 130 (475 SE2d 637) (1996). The appellate briefs in that case show that Jackson (like Otis here) sought to raise an insanity defense using only non-expert evidence, so under Abernathy he was not required to provide pretrial notice of his intention. At his trial in September 1993 — two years before Abernathy was decided — Jackson, the State, and the trial court apparently read USCR 31.1 and 31.4 (now 31.5) to require (as their text said) pretrial notice of his insanity issue, which Jackson had not provided, so he claimed that those rules were invalid because they violated his constitutional due process rights (rather than that the rules simply did not apply). His appeal was filed just two months after Abernathy, and this Court decided the appeal less than a year after it decided Abernathy. Yet neither the parties in their briefs nor the Court in its opinion mentioned Abernathy. To the contrary, the Court began its analysis of Jackson’s due process claim by saying, “Although he had not complied with the ten-day notice requirement of [USCR] 31.1 and 31.4, Jackson sought to raise the issue of his *547 insanity,” Jackson, 267 Ga. at 132 - even though under Abernathy, Jackson was not required to comply with that notice requirement.